### Noyes and Hubbard *vs.* Chapin.

A promise to pay the owner of land a specific sum, on his consenting to have a public road or highway laid through his lands, is not within the *statute of frauds*, and may be enforced by action, if such road be laid out and occupied as such.

The public acquire an interest in such road, although there be no writing to pass the title of the owner, the statute regulating highways providing for the laying out of a road by the *consent of the owner*.

Error from the Cortland common pleas. The plaintiffs declared in *assumpsit* for that the defendant, on, &c. at, &c. in consideration that the plaintiffs, at the special instance and request of the defendant, would let a certain public road or highway be laid out, and run over and across the land of the plaintiffs, situate in, &c, and be opened, used, and enjoyed as a public highway, *undertook*, and then and there *promised* the plaintiffs to pay them a certain sum of money, to wit, the sum of $75. Then followed an averment that the plaintiffs permitted the said public road or highway to be laid out and run over and across their land, and to be opened, used, and enjoyed as a public highway. The declaration contained various other counts substantially like the above, and also the money counts. The defendant pleaded the general issue,

and the cause was tried in December, 1829. A witness for the plaintiffs testified that he and two other persons were commissioners of highways for the town of Homer, in the county of Cortland, in the year 1827 ; that in the spring of that year, application was made to the commissioners, by the defendant, to lay out a public highway across the premises of the defendant and a farm occupied by the plaintiffs ; that the commissioners declined to lay out such highway across the premises of the plaintiffs, and have the damages a charge against the town ; that a few days thereafter, the defendant again called on him, and stated that he had made a bargain with the plaintiffs ; that they had agreed to let the road be laid out, *without making any claim on the town for damages ;* and that he had agreed to pay them $75 for the same. The plaintiffs confirmed the statement made by the defendant, and the commissioners then proceeded, in April, 1827, and laid out the road across the plaintiffs' farm. It was opened immediately thereafter, and had since remained open, and was travelled as a highway. This witness testified that he understood, from one of the plaintiffs, that the bargain was *not in writing.* Upon this evidence the common pleas *nonsuited* the plaintiffs, on the ground that the agreement was void within the *statute of frauds,* and rendered judgment for the defendant. The plaintiffs sued out a writ of error.

*G. C. Bronson,* (attorney general,) for the plaintiff in error. A promise to pay for land surrendered to the use of a road is good, and an action may be maintained upon it. 8 *Johns. R.* 253. By the act to regulate highways, 2 *R. L.* 275, § 16, a road cannot be laid out through improved or cultivated land without the consent of the occupant, unless upon the application of twelve freeholders, and when laid out upon such application, the owner of the land is entitled to such damages as he may sustain thereby, which are to be paid by the town in which the land is situated. Here the road was laid out, upon the promise of the defendant to pay the plaintiffs a certain sum of money in lieu of a claim for

damages they would have had upon the town, had the road been laid out without their consent. It is not perceived how this agreement can be considered within the statute of frauds.

*J. A. Spencer*, for defendant in error. The plaintiffs granted or surrendered *an interest* in lands, and no such grant or surrender is good, unless it be by deed or note in writing. 1 *R. L.* 78, § 10. Any permanent right to hold another's land for a particular purpose, or to enter upon it at all times, without his consent, is an interest in land, and cannot pass but by writing. 11 *Mass. R.* 533. 9 *Johns. R.* 298. 1 *Taunt.* 402. 7 *Johns. R.* 205. Highways are regarded in our law as *easements*, the public having the right of way with its inseparable incidents. 15 *Johns. R.* 453. Right of way is an incorporeal hereditament issuing out of land, and is therefore an interest in, or concerning land. 2 *Black Comm.* 20, 35. The plaintiffs are not bound by their agreement, and may shut up the road, or require their damages to be assessed, and to be levied and collected from the town. 19 *Johns. R.* 272.

The *Attorney-General*, in reply. In the cases cited on the other side, a right or interest in land was claimed, and therefore it was held that the grant or surrender was void; but it never has been decided that a party, surrendering an interest in land, in consideration of the promise of another to pay him a specific sum of money, cannot recover on such promise. The plaintiffs could not claim damages from the town, having consented to the laying out of the road, and not to make such claim.

*By the Court*, SAVAGE, Ch. J. The only question in this case is, whether the agreement between the parties is void by the *statute of frauds*. The substance of the tenth section of that statute is, that no interest in lands shall be conveyed, unless by a writing, or by act and operation of law. By the 16th section of the act to regulate highways, 2 *R. L.* 275, it is declared that it shall not be lawful to lay out any road through improved land without the consent of the owner, unless upon the application of twelve freeholders, certifying

upon oath that such road is necessary and proper. There is no doubt but that one individual cannot acquire any interest in the lands of another, unless by writing, or operation of law; and this is true of an easement, a right of way for instance, except a private way provided for by statute. But by the statute regulating highways it is clearly provided that the public may acquire an interest in lands, an easement, a right of passage, by the consent of the owner, without a writing. This is not inconsistent with the statute of frauds, for it is by act and operation of law.

The commissioners have no jurisdiction to lay out a road through improved land, without either the consent of the owner or occupant, or an application under oath of twelve freeholders. If the consideration of the promise in this case was the consent to have the road laid through the land of the plaintiffs, then clearly no written consent was necessary; but it would seem that the consideration of the promise was an agreement to discharge the town from any damages which the plaintiffs might have claimed, and to look to the defendant for the $75, in lieu of the damages which might otherwise be assessed in their favor. Such damages are not an interest in lands, they are the compensation made for the occupation of the plaintiffs' lands by the public. The agents of the public had determined not to lay out the road at the expense of the town. The defendant, it seems, was anxious to have the road, and therefore agreed to pay the stipulated damages; no writing was necessary under the revised laws of 1813, to relinquish damages for laying out a road, although now by the *revised statutes* it is necessary. The cases relied on by the defendant in error are good law, but do not seem to me applicable. The case of *Crawford* v. *Morrell*, 8 *Johns. R.* 256, shews that a contract to pay for land occupied as a road, was considered by the court as a valid contract. The same doctrine is held in *Storm* v. *Snyder*, 10 *Johns. R.* 109. I am of opinion that no writing was necessary, either to give consent to lay out the road, or to relinquish the plaintiffs' damages. The road was in fact laid out by the consent of the plaintiffs, they declaring that they made no claim upon the public for damages. The plaintiffs have

performed the consideration, and the defendant must perform his promise.

Judgment reversed, costs to abide the event, and *venire de novo* to be awarded by Cortland common pleas.