Whiting<br>v.<br>Dudley.

Judgment reversed.

---

## WHITING vs. DUDLEY.

Where in an action of trespass quare clausum fregit, prosecuted in a justice's court, the defendant justifies himself on the ground that the locus in quo is a public highway, the justice is deprived of jurisdiction, and it is his duty to dismiss the cause; if he proceeded to try the question of the existence of a highway and render judgment, such judgment will be reversed.

ERROR from the Steuben common pleas. Whiting sued Dudley in a justice's court, for trespass quare clausum fregit. This suit was commenced on the 19th August, 1834, and the plaintiff declared laying the trespass on the 28th August, 1828, with a continuando. The defendant pleaded the general issue, and gave notice that on the trial he would prove that the locus in quo was and remained a public highway, and that the acts alleged as trespasses were done in the removal of obstructions and in the repair of the highway. On the trial the plaintiff proved that the defendant had repeatedly torn down his fences erected on that part of his farm over which a public highway formerly passed, that on the 12th November, 1833, the commissioners of highways of the town of Bath, in which town the premises are situated, made an alteration of the route of the road, laying it over other land of the plaintiff, and agreed with him that he might take the land over which the old road passed in lieu of the damages sustained by him in the opening of the new road. The commissioners caused a record of their doings to be made in the town clerk's office, which record was produced by the plaintiff, and read in evidence, although objected to by the defendant on account of the informality of the record, and the uncertainty of the description of the new road. The defendant offered to prove that the new road was laid through improved lands without the consent

NEW-YORK,
May, 1838.

Whiting
v.
Dudley.

of the owners of the land over which it passed, and without the certificate of freeholders, that notice had not been given of the laying out of the road, and generally that none of the necessary steps to the lawful laying out of a road had been taken. The justice ruled that the record, for the purposes of this suit was conclusive, and that no evidence to affect the legality of the road could be received, and therefore rejected the offered testimony. The defendant then offered to prove that the old road had been used for 20 years before the alteration and laying out of the new road : which evidence was also rejected. The defendant called a witness who testified that the fences were thrown down by his direction as a path master. The plaintiff withdrew all claim for damages for trespasses committed previous to the laying out of the new road. The jury found a verdict for the plaintiff, on which the justice rendered judgment. The defendant sued out a certiorari, and the Jefferson common pleas reserved the justice's judgment. Whereupon the plaintiff removed the record into this court by writ of error. The cause was submitted on written arguments.

*Z. A. Leland*, for the plaintiff in error.

*D. Rumsey, jun.* for the defendant in error.

*By the Court*, COWEN, J. It is truly said by the plaintiff's counsel, that he proved an exclusive possession in himself; and having shown the trespass in pulling down the fences of his enclosure, he had, if he had stopped there, made out the full requisites of a recovery before the justice. But he admitted a right in the defendant to tear down the fence, which did away the effect of his enclosure, and then he sought to maintain his action by showing a change of the highway.

It is objected that the defendant could not, before the justice, be legally received to justify his acts on the ground that the locus in quo was a public highway, this being the establishment of a title to real estate, or at any rate raising a question in some measure affecting the title to that sort of

property; and that therefore it was without the jurisdiction of the justice. If the objection be sound, it strikes equally at the plaintiff's own evidence, the great body of which res- pected an *alteration* in the Dudley highway, which gave to him the absolute and unqualified right of possession and ownership, as a consequence of divesting the public right, and the oral agreement with the commissioners. The offer by the defendant was but to destroy the legal force of that evidence of title on which the plaintiff relied.

It is very difficult to separate the trial of a right of public way from that of a right to land. A summary mode of settling the question of encroachment by an adjudication of the commissioners or the finding of a jury, is provided by statute, 1 R. S. 517, 2d. ed. and penalties imposed for breach of consequent orders to remove obstructions are recoverable, independent of the question of title. See *Fleet* v. *Youngs,* 7 Wendell, 291, 299. But an action of trespass between party and party, or any other action involving an inquiry as to the existence or extent of a highway through the party's land, respects the nature of his title, as whether it be absolute or qualified. The statute is that a justice cannot try a cause where the *title* to lands shall *in any wise come in question;* and if this appear on the plaintiff's own showing and be disputed, the justice shall dismiss the cause. 2 R. S. 158, § 4, sub. 2. Id. 168, § 59 and 63, 2d ed. What is a title to land? "No title," says Blackstone, "is completely good unless the right of possession be joined with the right of property." The owner of the land over which the highway runs is seized of the soil, but the defence denies his absolute right. It questions his complete title, and seeks to qualify it. In one case it was held to be an incumbrance on land within a covenant against incumbrances. *Kellogg* v. *Ingersoll,* 2 Mass. R. 97. A doubt may be cast on that case by a remark of Spencer, J. in *Whitbeck* v. *Cook,* 15 Johns. R. 491, 492; but can it be said a man's title is unqualified where he is rightfully shut out forever from all beneficial occupation of his land? In *Heaton* v. *Ferriss,* 1 Johns. R. 146, one plea of a right to

a *common highway*, and another of a right of *private way*, was held in so many words to draw in question the title to lands. Which plea was it? The private way was an easement for one; the common way an easement for the whole world. It has been held that the former must be pleaded as matter of title, in answer to an action, and that it would oust the jurisdiction of a justice. *Striker* v. *Mott*, 6 Wendell, 465, and see 15 Johns. R. 339. The statute, 2 R. S. 509, § 2, 2d ed. gives full costs to the plaintiff in courts of record, where a right of way or to an easement in any lands shall have come in question. A private way is an incorporeal hereditament. Is a public way any thing less? In effect it is much more, and often involves questions more vexed and complicated, such as usage, prescription, dedication, the right of navigation, and the power of commissioners to take private property for public use. I never could see why it is not within both the words and spirit of the statute withdrawing investigations of title from the common magistrate. In *Noyes* v. *Chapin*, 6 Wendell, 464, Savage, C. J. calls a highway a *public interest* in lands.

But it is said that here the title to the highway was not drawn in question. Why then did the plaintiff give in evidence, and the justice receive the record and the agreement with the commissioners? Was it not to show an alteration in the road? Nay, the plaintiff conceded that the Dudley road was formerly a highway, and withdrew all claim for trespasses committed there previous to the alleged recorded alteration. All this made not an item in proof of his possession. That was complete without it. If it made any thing towards a possession, it was by way of establishing a constructive one on the ground of title. This was objectionable; for if necessary, it was title coming from the plaintiff; disputed by the defendant, and the cause should have been dismissed. 2 R. S. 168, § 63, 2d ed. If not necessary, the evidence should have been rejected as impertinent, especially that of the agreement with the commissioners, which was met by a general objection; and was not competent in any view.

The justice erred; the common pleas were right in reversing his judgment, and their judgment must be affirmed.

Judgment of the Steuben common pleas affirmed.