Zimmermann *v.* Rapp.

## ZIMMERMANN *vs.* RAPP.

Proceedings in partition under the " Act for the partition of lands," passed 16th March 1785, are not obligatory upon a party in interest, who at the time was a *feme covert*, and was not *made a party* to the proceedings, although they were had upon the application of her *husband*.

THIS was an action of *ejectment* tried at the Montgomery circuit, in May, 1836, before the Hon. ESEK COWEN, then one of the circuit judges.   The plaintiff, Magdalena Zimmermann, claimed to recover one fifth of the premises in question, as one of the children and heirs at law of *Nicholas Failing*, who died intestate the owner of the same, as long since as 1789, leaving five children his heirs at law.    The plaintiff, at the time of her father's death, was a *married woman*, the wife of *Jacob Zimmermann*, who died in the winter of 1835.   The defendant claimed title under

Zimmermann v. Rapp.

*proceedings of partition* had in the court of common pleas of Montgomery county, by virtue of the act of the legislature of this state entitled " An act for the partition of lands," passed 16th March, 1785. The proceedings were commenced on the application of *Jacob Zimmermann*, the husband of the plaintiff, and of *Lawrence Gros*, the husband of another daughter of Nicholas Failing, and on the 14th June, 1792, commissioners to make partition of all the real estate of the intestate were appointed. The commissioners subsequently reported that the partition could not be made without prejudice to the owners; whereupon the common pleas on 16th February, 1793, made an order for the sale of the premises, which were accordingly sold, at public vendue, to Lawrence Gros for £1,300, to whom the commissioners, in pursuance of the sale, executed a deed conveying the premises on 1st May, 1793. The defendant derived her title under this sale. The evidence of the proceedings in partition was very imperfect, but a radical defect pervading the whole was, that *it did not appear* that the plaintiff, in this cause, *had been made a party* thereto. The jury, under the direction of the judge, found a verdict for the plaintiff. The defendant asked for a new trial.

*S. Stevens*, for the defendant.

*D. Cady*, for the plaintiff.

*By the Court*, Nelson C. J.   The only question in the case material to notice is, whether the plaintiff is bound by the proceedings in partition, her *husband* alone being a party thereto. He was tenant by the curtesy initiate, and at most had but an interest for life in the premises, and upon general principles could do nothing to the prejudice of the estate of the reversioner. The partition may have been valid to the extent of his interest, or during his lifetime, but beyond that period the proceedings are clearly nugatory, unless there is something in the statute specially affecting the interest of the wife.

The proceedings were instituted under the 15th section of the

act of 1785, which provides that application for partition may be made by one or more of the *owners or proprietors* of the premises, and in case of sale, on the ground that partition would be prejudicial, conveyances are to be made to the purchasers, " *which shall operate as an effectual bar both in law and equity against such owners, or proprietors,*" *&c.* By the terms *owners* or *proprietors*, I am inclined to think the legislature intended to designate the persons holding the *fee* ; but whether so or not, cannot be material in this case, for it is clear, the effect of the conveyance here declared, does not extend beyond the interest of the applicant, whatever that may be. If the words include a tenant for life, his estate only is bound, not that of the remainderman or reversioner. In 1788, an act passed expressly authorizing partition between owners in common holding for life or years, and between them and persons having an estate of inheritance ; but it provided that such partition should not be prejudicial to any person or persons other than the parties, their executors and assigns. This statute was taken from the 32 *H.* 8 *c.* 32, under which it has been held that a tenant by the curtesy within the equity of it, might have a writ of partition, though neither joint tenant, nor tenant in common, as he is in equal mischief with any other tenant for life : but such partition is temporary only, as well from the saving clause, as upon general principles. To make the partition absolute, there must be another writ against the remainderman or reversioner, as soon as his estate falls into possession. *Allinant on Part.* 59, 63, 64. *Co. Litt.*175. *Litt. R.* 300. 2 *Cruise,* 534, § 38. 1 *Co. Litt.* 699. 1 *Ves. & Beame,* 555. The authorities are also full, that the wife must be made a party to the proceedings in order to bind her interest. 1 *Co. Litt.* 819. *Allinant,* 64. *Co. Litt.* 71, *a.* 1 *Atk.* 541.

New trial denied.