THE PEOPLE OF THE STATE OF VERMONT *v.* ROYALTON & WOODSTOCK TURNPIKE COMPANY.

WINDSOR,
*February,*
1839.

In a *scire facias* to repeal a charter, the jury must find whether the conditions of the grant have been broken, and therefore, when the ground of forfeiture alleged was a long continued and wilful neglect to keep a turnpike road in repair, evidence, offered by them that they had kept the same in repair a principal part of the time, should have been permitted to go to the jury.

THIS was a scire facias, originally brought to this court, alleging that the defendants' turnpike had been much neglected and suffered to be out of repair, and citing the defendants to show cause why their charter should not be forfeited.— The defendants pleaded not guilty, and the issue upon that plea was sent to the county court for trial.

On the trial in the county court, testimony was introduced on the part of the state, tending to prove the allegations contained in the writ, and showing that, at several times within the time mentioned in the writ, and especially for the last year before the service thereof, the road and its bridges had, by said company, been negligently suffered to be and remain out of repair and insufficient, for many months.

The defendants offered testimony tending to prove that, for a large part of the time mentioned in the writ, said road had been kept in good repair, though, at times, and especially within the last year before the service of said writ, it had been neglected and been suffered to be out of repair, as shown on behalf of the state. This testimony was rejected by the court, and the jury found a verdict of guilty. The defendants excepted.

*A. Tracy and W. Upham,* for defendants.

The evidence, offered by the defendants to sustain the issue on their part, should have been admitted in the court below. *The People of the State of New York* v. *Washington & Warren Bank,* 6 Cowen's R. 211, 216. *Same* v. *Bank of Hudson,* 6 Cowen's R. 217. Stat. 189, 190.

*E. Hutchinson,* State's attorney, *contra.*

WILLIAMS, Ch. J.—The plea in this case, if it is a proper one, must be considered as denying the matters alleged in the writ. The jury may, on the trial, return a verdict either generally or specially. From the 4th section of the act, direc-

ing the mode of taking forfeitures of grants and charters, it appears that the jury are to find whether the conditions of a grant or charter have been broken or the grant or charter forfeited or not, and from the peculiar state of feeling, on the subject of taking away charters, which existed formerly in this country, as well as in England, I have no doubt it was so intended by the framers of our laws.

Upon the question whether the grant of the corporate franchise to the Royalton Turnpike Co. has been forfeited for the causes alleged in the writ, the evidence offered should have been submitted to the jury ; for it is not every neglect to keep the road in repair which will subject them to a forfeiture, even though they may have been liable to an indictment. In the case of the *the State* v. *Passumpsie Turnpike Co.* it was considered that the neglect must be suffered for a "considerable period" to afford a just cause for taking the forfeiture, and the state's attorney probably had the same view when he drew this writ, as he alleges a long continued and wilful neglect on the part of the defendants. Possibly, on hearing the evidence offered, the jury would have considered that the grant should not be forfeited. The verdict must be set aside and a new trial granted.