By the Court, Cowen, J.
If the plaintiff is to be regarded as the owner of the road, there can be no doubt that he was -incapable of granting, by parol, the right claimed by the defendants. It would be a right to enter upon and occupy his premises by the rail-way, for an indefinite length of time, without a conveyance sufficient within the statute of frauds to carry a freehold. (Mumford v. Whitney, 15 Wend. 380 ; Bridges v. Purcell, 1 Dev. & Batt. 492; see also 1 Chit. Gen. Pr. 336 to 340.)
The declaration, however, does not aver that the plaintiff was seized of the road itself. It claims lots adjoining the road, and alleges a consequential injury. It is not in trespass for entering upon and occupying the plaintiff’s land; but in case for the defendants’ having erected and continued a nuisance, perhaps on their own, perhaps on the land of another. If the question be confined to an issue on the declaration, the injury was perhaps no more than the exercise of such a right as, if granted, would amount to a naked easement in respect to *63 the plaintiff’s land without entering upon it. It would then somewhat resemble a right by one so to build on his own land as to diminish the natural flow of a stream, to the benefit of which the plaintiff was entitled, or so as to detract from the air or light which belonged to him, or so as to turn a drain of water upon or across his land. In such and the like cases there are authorities which hold that a mere parol license operates, when executed, as a grant; or rather, as the cases express themselves, a license irrevocable to use the land of another. Some cases go further, and authorize an actual entry and permanent possession under the license; e. g. to stack hay or coals upon land, or to hold a seat in another’s building: (Tayler v. Waters, 7 Taunt. 374, 2 Marsh. 551, S. C. and the cases there cited; Liggins v. Juge, 7 Bing, 682;) or to build a bridge on the plaintiff’s land; (Ricker v. Kelly, Greenl. Rep. 117;) or to flow his land by a dam on the defendant’s own. (Clement v. Durgin, 5 Greenl. Rep. 9,13.) These cases evidently let in a verbal distinction under which, if retained and made applicable in its full extent, the statute of frauds would, in many important respects, be repealed. Parol licenses irrevocable would be made in effect to pass estates of freehold. The well established rule of the common law too, that easements and other incorporeal hereditaments shall pass by deed only, would be nearly repealed. You have only to throw the grant into the form of a parol license, and, on its being executed, both the statute and common law are evaded. How far the cases mentioned may accord with the rule of equity which sometimes enforces parol conveyances made on valuable consideration and executed by possession, it is not necessary to inquire; nor how far some of the cases cited, or others like them, may be supported upon their particular circumstances, as not' conflicting with the general doctrines adverted to. Many of them clearly do conflict with these doctrines, and have accordingly been much qualified if not entirely overruled in some of the English as well as American courts. In Hewlins v. Shippam, (5 Barn. & Cress. 221,) the right to drain water from one man’s land through another’s was held to be an easement; and a parol license to do do so, though *64 for valuable consideration, and though fully executed, was held void, because the right, being incorporeal, could pass only by deed. The previous cases on the doctrine of irrevocable license to occupy land are shaken by the same case; and as respects (See also 1 Sugd. On Vend. 91, Am. ed. of 1836, and the cases this state théy are overthrown by Mumford v. Whitney, supra. there cited ; also 3 Kent's Comm. 451, 4th ed. and cases there cited; 1 Chit. Gen. Pr. 336 to 340; Noyes v. Chapin, 6 Wend. 461, 464.)
With regard to the case at bar, whether it be or be not distinguishable from those which hold that neither a corporeal nor incorporeal hereditament can be conveyed by parol, need not now be decided. Suppose it be not distinguishable. Suppose the right which the defendants claim to exercise could not be granted by a parol license executed. There is still nothing in the case to prevent the license operating according to its own nature, and there is no book which teaches that, before a license is revoked or has expired, though it be not executed, a man is liable to pay damages for availing himself of it. It is personal to himself, and if it regard land, it is gone if the owner who give the license transfer his title to another. So doubt] ess by the death of either party. And yet it is a justification till gone. This is well understood as to trespass on land; and it is the same in case, for an injury to land, or indeed an injury of almost any kind. (Smith v. Feverell, 2 Mod. 6.) In Wallis v. Harrison, (4 Mees. & Welsb. 538,) which was case by a reversioner for digging the soil and embanking and making a rail-way in the close possessed by his tenant, the defendant pleaded license from the dean and chapter of Durham, who were seised before the plaintiff had any interest &c.; and it was not doubted that the license, though unexecuted, would completely protect the defendant up to the túne when the dean and chapter parted with their interest to the plaintiff. It does not follow, by any means, that because a license is void for the purpose of carrying an interest irrevocable, it may not enure as a personal authority, arid, until revoked, protect the defendant against an action for a wrong, indeed, there cannot, in the nature of things, be any legal wrong until the *65 license is countermanded, unless it can be said that one may do an actionable wrong to himself touching his own property.
If what the defendants in this case proposed to show was true, viz. that the plaintiff verbally authorized the making of the rail-way, while the authority remained, their acts were no more a wrong to the plaintiff than if he had done them himself. License is defined to be a power or authority. (Toml. Law Dict, tit. License.) It follows that the defendants, so long as the license to make their way was not countermanded, were acting ih the plaintiff’s own right. Qui faeit per alium facit per se. The license, according to the terms proposed by the proof, did not claim to be a grant; and the plaintiff claims that it could not be. It would be most strange if, because it could not operate as something more than what it professed, it should therefore be holden void for its avowed object; and that too a perfectly legal one. The defendants should, therefore, have been allowed to prove it, if they could. To such proof, if given, the plaintiff might have answered by contradictory evidence, or by proving a revocation of the license, and recovered damages only from that time, if the defence had proved imperfect in other respects.
We think that a new trial must be granted for the reason that the offer to prove a license was overruled.
New trial granad.