## STATE vs. DOANE.

In an action in a justice's court to recover a penalty for a willful obstruction of a highway, an answer alleging that the *locus in quo* was, at the time when, &c., the defendant's own freehold and in his actual possession, and that there was no highway open or running over or across any part thereof, states facts showing that the *title* to land will come in question.

An objection to defective service of the summons in an action is waived by an appearance and answer to the merits.

APPEAL from the Circuit Court for *Dane* County.

This case is stated in the opinion of the court.

*J. C. Hopkins*, for appellant, cited 20 Wend., 96; 6 Hill, 537.

*Abbott, Gregory & Pinney*, contra, cited 7 Wend., 145; id., 291; 6 Wis., 159.

*By the Court*, DIXON, C. J. This action was commenced December 11. in a justice's court to recover a penalty for obstructing a

highway.  The defendant denied the existence of the high-way by- answer in writing, in which he alleged that the premises in question were his own close, land and freehold, and in his actual possession, and that there was no highway open or running across or over the same, or any part there-of.  He filed the necessary bond, and the justice certified and returned the cause to the circuit court.  Upon being reached in its order for trial, the circuit court refused to en-tertain the cause, and dismissed it, on the ground that the plea of title and the bond filed before the justice did not de-prive him of jurisdiction, or authorize him to certify and return the cause to the circuit court.  The cause comes here on an appeal from that order.

The language of our statute (R. S., chap. 120, sec. 51) is the same as that of the New York statute of 1824 (6 Wend., 466), and of the subsequent Revised Statutes.  20 Wend., 100.  It provides that "in every action where the title to lands shall in any wise come in question," the defendant may, by answer in writing, show the facts, file the required bond (sec. 52), and thereupon (sec. 54) the justice shall make an entry thereof in his docket, cease all further proceedings in the case, and certify and return the cause to the circuit court of the county, which shall (sec. 55) proceed therein as if the action had been originally commenced in that court. Civil actions for the recovery of penalties or forfeitures, are to be conducted in the same manner and subject to all the provisions of law concerning personal actions.  R. S., chap. 155, secs. 1, 2.

The courts of New York have repeatedly held, under the statutes referred to and others of similar import, that a plea of right of way puts in question the title to lands and de-prives a justice of jurisdiction.  In addition to the cases ci-ted by counsel for appellant, see those referred to in the opinion of this court in *Manny vs. Smith*, 10 Wis., 511.  If it might be said that the legislature did not adopt this lan-guage with reference to the construction which it had re-ceived from the courts of that state, still we should not be inclined to depart from those decisions.  It is obvious to us that the spirit and policy of our laws as well as the language

of the statute, are against the power of justices of the peace to adjudicate and determine upon the right of the public to the exclusive and perpetual occupation and enjoyment of lands, even though the naked fee or freehold of the owner, divested of all beneficial use, may not be said to be affected by such decision. The question involved is one which, if determined against the owner, permanently deprives him of the right of possession, and is, therefore, equivalent, or nearly so, to a judgment depriving him of title; for all will concede that title, without the right of possession or enjoyment, is valueless. It is a question which respects the nature of his title, whether it is absolute or qualified, and the qualification to be annexed is one of the most important by which the title of real estate can be affected.

The cases of *Parker vs. Van Houten*, 7 Wend., 145, and *Fleet vs. Youngs*, idem, 291, cited by respondent's counsel, are not in conflict with the decisions to which reference has been made. Those cases, or more particularly the last one, turned on the peculiar provisions of the statutes in relation to prosecutions for obstructions and encroachments upon highways. They may, perhaps, be regarded as having overruled the case of *The People vs. Onondaga Common Pleas*, 2 Wend., 263, in which it was decided that the title to land might be put in issue in an action for a penalty for obstructing a highway. *Parker vs. Van Houten*, seems to have gone off on the ground that the plea interposed before the justice did not raise the question of right of way—that the defendant pleaded merely that the *locus in quo* was his soil and freehold, which, the court say, was not inconsistent with the easement claimed by the public and could not possibly constitute a defense, and that if the plaintiffs had demurred to the plea they must have had judgment. *Fleet vs. Youngs* was placed on the provisions of the act regulating highways in the counties of Long Island, though the court speaks of the general road act as being in substance the same. The decision of the justice rejecting the defendant's plea of title in himself *exclusive of the highway*, was sustained on the ground that the fact of encroachment had been determined by the previous decision of the commissioner of highways—

June Term, 1861.

STATE v. DOANE.

that the question whether the road was encroached upon was not open, and the existence of the highway or of the defendant's title to the land could not possibly be put in issue in the action. It appears that the commissioners had examined the road, determined that there was an encroachment, and given information thereof to the defendant, and that he had been warned by the overseer of the district to remove it. The provisions of the statute were explained, and the circumstance that an appeal was given from the determination of the commissioners in certain cases to the judges of common pleas, and that the final decisions of the commissioners and judges were, as to all matters of jurisdiction, subject to review upon *certiorari,* was noticed; and as we have said, the turning point of the case appears to have been, that the defendant should have contested the existence or legality of the highway before the commissioners, and that not having done so, or their decision having been adverse to him, he was concluded. It is observed by the court in *Whiting vs. Dudley,* 19 Wend., 375, that a summary mode of settling the question of encroachment by an adjudication of the commissioners or the finding of a jury, is provided by statute, and penalties, imposed for breach of consequent orders to remove obstructions, are recoverable independently of the question of title. It is manifest, therefore, that those decisions can have no application to an action like this; which is prosecuted under section 101, of chapter 19 of the Revised Statutes, for a *willful* obstruction of a highway, and proceeds independently of any preliminary order or determination of supervisors, commissioners, a jury or any other legally authorized tribunal, and of which the first notice given to the defendant is by the commencement of an action in which the payment of a penalty of twenty-five dollars and costs is demanded of him. It would be most strange and intolerable if, under these circumstances, he could not be permitted to set up and prove, by way of showing that he was guilty of no offense, that the land was his, and that there was no highway at the place alleged which he could have obstructed.

It is furthermore to be observed that the answer in

this case is not liable to the objection taken to the plea in *Parker vs. Van Houten.* It is not only averred that the premises in question were the land and freehold of the defendant, but also that they were in his actual possession, and that there was no highway open or running across or over the same, or any part thereof.

The objection that the constable's return of service of the summons was insufficient to give the court jurisdiction over the person of the defendant, was waived by the defendant's appearance and answer to the merits of the action. *Lowe vs. Stringham,* ante, p. 222.

The order of the circuit court must therefore be reversed, and the cause remanded for further proceedings to be had therein agreeably to the foregoing opinion.