## SOULE VS. THE STATE.

An order of the town supervisors requiring an occupant of land to remove a fence or other fixture on the ground that it encroaches upon a public highway, is not conclusive evidence of the legal existence of such highway, in an action against such occupant to recover the penalty prescribed by section 103, ch. 19, R. S., for his refusal to comply with such order.

Whether the finding of a jury of six freeholders, pursuant to secs. 104–106 of said chapter, would under any circumstances be conclusive as to the existence of the highway, is not here decided.

ERROR to the Circuit Court for *Dane* County.

The action below was by the state against *Soule* to recover a penalty under secs. 102 and 103, ch. 19 R. S., for the defendant's neglect and refusal to rem ve a fence from an alleged highway in the town of Rutland in said county, after the supervisors of said town had declared the fence to be an obstruction of the highway, and had ordered its removal, and served notice of such order upon the defendant. The answer, among other things, denies that the *locus in quo* has ever been a highway. The court instructed the jury that if an order was made by the supervisors of said town for the removal of the encroachment complained of, and a copy served upon the defendant, then the plaintiff would be entitled to recover the penalty provided for in the sections above named; and he refused an instruction asked by the defendant, to the effect that

before the jury could find for the plaintiff, they must find that the road claimed to have been encroached upon had previously been laid out and opened. Under the instruction given the jury found for the plaintiff upon the evidence. Judgment for the state; and *Soule* sued out his writ.

*J. H. Carpenter & P. L. Spooner*, for plaintiff in error, cited R. S., ch. 19, sec. 102; *Talmadge v. Hunting*, 39 Barb., 654; *Doughty v. Bull*, 36 id., 488; *Union Canal Co. v. Pine Grove Township*, 6 W. & S., 560.

*Hopkins & Foote*, for defendant in error:

1. The order of the supervisors determining the encroachment was a judicial act. 22 Wend., 132, 136; 17 id., 464–468; 15 Barb., 471; Cow. & Hill's Notes, 2d ed., 1051. It established the existence and legality of the highway; and the defendant is concluded by it. He should have contested it before them, or denied it and had a jury summoned; and not having done so, the question was not open. The statute provides a summary mode for ascertaining that question, and has provided a tribunal to determine it, and their decision is final and conclusive. R. S., secs. 102–108. It is like the New York statute, vol. 1, p. 522. Under that statute it has been decided that in an action for a penalty, the question of encroachment was not open; that the order was conclusive of that. *Fleet v. Youngs*, 7 Wend., 291, 299; *Whiting v. Dudley*, 19 id., 375; 35 Barb., 308. In the *State v. Doane*, 14 Wis., 483, this court cited approvingly those cases, and decided that the order of the supervisors establishes the existence and legality of the road. The remedy of the defendant, if he is dissatisfied, is by *certiorari* directed to the supervisors. *Mott v. the Commissioners of Highways of the Town of Rush*, 2 Hill, 272. The acts of the supervisors are presumed to be legal until they are impeached. 3 Hill, 458. "When the jurisdiction of an inferior court depends upon a fact which such court is required to ascertain and settle by its decision, such decision is conclusive." *Brittain v. Kinnaird*, 1 Brod. & Bing., 432;

*S. C.*, 4 Moore, 50; 3 Cow. & Hill's Notes, 2d ed., p. 1015 *et seq.* In this case, in the exercise of their jurisdiction, they had to decide that the highway had been laid out and opened. When a court is empowered to record its proceedings, and the record shows jurisdiction, that is conclusive; as when a justice, on complaint of a forcible entry, is empowered to go and view and record the force; and parol evidence is incompetent to contradict or impeach it. *Mather v. Hood*, 8 Johns., 44; *Bigelow v. Stearns*, 19 id., 41; *Martin v. Mott*, 12 Wheaton, 19; *Stuyvesant v. Mayor of New York*, 7 Cow., 585, 606–7–8; Opinion of C. J. SHAW, 12 Pick., 572, 582–3; *VanSteenbergh v. Bigelow*, 3 Wend., 42; *Fox v. Wood*, 1 Rawle, 143; *Harrington v. Comm'rs of Roads*, 2 McCord, 400; 3 Hill, 458; 13 Johns., 460.

*By the Court*, DIXON, C. J. Whether a highway has been encroached upon, and whether it exists, are clearly distinguishable questions. A party may admit the existence of the highway, but deny the encroachment, in which case the method of determining it is that marked out by sections 102 to 108, inclusive, of chapter 19, R. S. In such case, no doubt, the order of the supervisors, the encroachment not being denied, and after that the verdict of the jury, not reversed or set aside, would be conclusive of the fact of encroachment. But these would be conclusive of that fact alone, as that is the only question which they are authorized to determine. But if the occupant denies the existence of the highway, which carries with it the question of encroachment in case he shall succeed, that is a question of which neither the supervisors nor the jury have jurisdiction. It is not a proper question to be determined by three supervisors in an *ex parte* proceeding, nor by a jury of six freeholders summoned and empanneled before a justice of the peace. It has been frequently decided that it is a question involving the title to lands, and a justice cannot try it. *State v. Doane*, 14 Wis., 483, and *Manny v. Smith*, 10

id., 511, and cases there cited.   The legislature have, therefore, very carefully excluded it from the consideration of the supervisors or the jury, when issue is taken upon it.   And to this effect are both the authorities cited and relied upon by counsel for the defendant in error:   *Fleet v. Youngs*, 7 Wend., 291, and *Whiting v. Dudley*, 19 Wend., 373.   In the first case, SAVAGE, C. J., says:   "By the general act a mode is pointed out by which the fact can be determined before a justice of the peace, whether there has been an encroachment, and this statute *shows conclusively that the legislature did not suppose that title could come in question on an inquiry into the encroachment, or they would have directed it to be tried before a different tribunal.*" And in the latter it is observed by COWEN, J., that "a summary mode of settling the question of encroachment by an adjudication of the commissioners or the finding of a jury is provided by statute, and penalties imposed for breach of consequent orders to remove obstructions are recoverable, *independent of the question of title.*"   If the title be involved, that is, the right of public way, resort must be had to a court of competent jurisdiction to determine that question, and the contesting occupant may rest upon his right of denial until an action is brought against him, and then make the defense, or he may, in a proper case, bring an action himself, and have it determined.   In no case, it seems to us, can the order of the supervisors be conclusive upon this question, unless ratified and acted upon by the occupant.   Whether the finding of the jury may under any circumstances be, as seems to have been held in *Fleet v. Youngs*, it is unnecessary now to determine.

In this case the suit was by the state against the plaintiff in error, under section 102, for forfeitures for neglecting and refusing to remove a fence from a highway "laid out and opened," upon which the plaintiff in error took issue. No proof of such highway was given.   The judge erred in his refusal to nonsuit, and in the instruction given and that refused upon this subject.

Judgment reversed, and a new trial awarded.