## DARNELL AND OTHERS V. STATE.

1. CORPORATIONS: *Misuser. Forfeiture of franchise.*
   In the creation of every corporation there is a tacit condition that the franchise may be forfeited for willful misuser or non-user in regard to matters which go to the essence of the contract between it and the state.

2. SAME: *Proceedings to forfeit. Quo warranto.*
   An information in the nature of a *quo warranto* is the proper proceeding against a corporation to forfeit its franchise for misuser or non-user, or to oust it from the exercise of a franchise under its charter to which it was not legally entitled.

3. FERRY: *How franchise obtained.*
   A ferry franchise can be obtained only from the county court, and not by charter under the general incorporation act; and to operate a public ferry under a charter and without authority of the county court, is a usurpation that may be abated by *quo warranto*.

4. SAME: *When annexed to turnpike.*
   When a ferry is maintained as an incident to a chartered turnpike to facilitate travel over it, the forfeiture of the turnpike frachise carries with it the privilege of maintaining the ferry.

21–48

APPEAL from *Ouachita* Circuit. Court.
Hon. B. F. Askew, Judge.

*Barker & Johnson*, for appellants.

*Quo warranto* does not lie for every imaginary evil. This court cannot go beyond what is alleged in the complaint, to see if the state has suffered from misuser or non-user of the charter. And as the complaint fails to charge that appellants, and those under whom they claim, had so misused their charter as to permit the pike to fall into decay and render it dangerous and inconvenient to travelers, this court should reverse the judgment. *23 Wend., 222; 15 ib., 130–1; 9 ib., 278 et seq.*

Mere neglect to fulfill all the requirements of a charter, nor the charging of illegal tolls, will vacate it; courts may abate the obnoxious charges, and compel a specific performance of the charter. The state may waive a forfeiture of a charter, and it is generally its duty to do so, where the infraction is not willful. *5 Ark., 595; 23 Wend., 237; 9 Am. and Eng. Ry. Cas., 550–1; Angel & A. on Corps., secs. 743–6–7.*

When a penalty is authorized by, and included in the charter, it must be inforced before the state can inquire into non-user or misuser, by *quo warranto*. *10 Ark., 156.*

The information should have been quashed on demurrer, because it failed to state who was ever injured on account of either misuser or non-user, after having stated that one cause for preferring the information was the injury to persons. *Ang. & A. on Corp., sec. 757; 9 Wend., 351, 373.*

If appellants were guilty of violation of their charter, they were liable under *sec. 509, Mansfield's Digest.* See *High, Ext. Rem., sec. 649; 10 Ohio, 555; 2 John., 190.*

Appellants having invested their time, means and labor

Darnell and Others v. State.

in this enterprise, and appellee having quietly stood by and acquiesced in their thus obtaining a vested right, appellee is now estopped from seeking to divest them of that right. *20 Ark., 566; 23 ib., 514; 36 ib., 466.*

The action is barred by limitation. *Secs. 4448 and 5677, Mansf. Dig.; High on Ext. Rem., sec. 692; 38 Ark., 81; 10 Wend., 363; Ang. & A. on Corp., secs. 743 to 747.*

*Quo warranto* will not lie after twenty years peaceable enjoyment of a franchise.

*H.. G. Bunn* and *Jones & Martin*, for appellee.

1. There was no motion for a new trial filed, and the issues of fact cannot be disturbed by this court. *39 Ark., 482; 38 ib., 216.*

2. *Quo warranto* is the proper proceeding to revoke a charter for non-user or misuser. *31 Ark., 27.*

3. The statute of limitations does not run against the state.

COCKRILL, C. J. The appellants enjoyed a corporate franchise under a charter framed under the general act of January 8, 1851 (see *acts 1850–1, p. 85*), to take tolls from a turnpike road and a ferry connected with it over the Ouachita river. The charter was annulled by a judgment of the circuit court upon an information in the nature of *quo warranto*, filed by the attorney general on behalf of the state.

The cause was tried by the court without a jury. No declarations of law were asked and none were given; none of the evidence was objected to and a new trial was not asked. The bill of exceptions set forth the evidence adduced on the trial—nothing more. The court found as a fact that no effort had been made to keep the road up as

required by the charter, for more than five years next be-
fore the institution of this proceeding, and that the road
had never been kept in any better condition than the or-
dinary county dirt roads; and thereupon gave judgment
annulling the charter and forfeiting to the state the fran-
chise previously enjoyed by the corporation.

Upon this state of record, the only question presented
by the appeal is this: concluding as we must, the facts to
be correctly found, does the effect given to them by the
judgment of the court legally follow? *Smith v. Hollis, 46
Ark., 17.*

1. CORPOR-
ATIONS:
Misuser:
Forfeiture.

It is a tacit condition annexed to the creation of every
corporation that it is subject to dissolution by forfeiture of
its franchise for willful misuser or non-user in regard to
matters which go to the essence of the contract between
it and the state, and the proceeding here adopted is the

2. *Quo
warranto.*

proper mode of trying the issue. *State v. Real Est. Bank,
5 Ark., 595 : Smith v. State, 21 ib., 294; State v. Leatherman,
38 ib., 81; Truett v. Taylor, 9 Cr., 43; Mumma v. Potomac
Co., 8 Pet., 287 ; Atty. General v. C. R., 6 Wend., 461.*

It is the very substance of the duty a turnpike com-
pany assumes when incorporated, to construct and main-
tain its roads in substantial compliance with its charter
requirements. The charter in this case specified how the
road should be constructed and maintained—its width, the
height of the road-bed, and the drains being specifically des-
ignated. The court found upon the issue of fact that these
requirements had been persistently disregarded for a period
of more than five years. This long-continued neglect in-
dicates a degree of willful non-feasance that justifies a
revocation of the franchise. *State v. R. & W. Turnpike Co.,
11 Vt., 431; People v. Turnpike Co., 23 Wend., 253; State
v. Turnpike Co., 1 Zab., 9.*

3. Ferry.

2. It was probably the intention of the charter to es-

tablish the ferry merely as an incident to the turnpike in order to render travel over it feasible. The privilege of maintaining the ferry would, in that event, fall with the revocation of the turnpike franchise.

If the charter was designated to confer the independent privilege of maintaining a ferry, as the information alleged and the circuit judge seems to have supposed, it went beyond the powers conferred by the act under which it was drafted, and an attempt to exercise the privilege under it would have been a usurpation of right. The power to grant ferry privileges was then, as now, vested in the county courts, and there is nothing in the act of 1851 indicating an intention to interfere with this power or to place it elsewhere.

If then, the corporation was attempting to exercise a franchise under its charter to which it was not legally entitled, the information was the correct remedy to reach the usurpation, and the judgment of ouster is right. *High Ex. Rem.*, sec 650.

4. Same.

In any view the judgment is correct and is affirmed.