## SHULTS *v.* MUNN.

### Opinion delivered June 12, 1916.

1. FERRIES—FRANCHISE—PUBLIC GRANT.—A franchise for the operation of a ferry is a creature of the sovereign power and can not be exercised without the consent of the State.

2. FERRIES—LICENSE.—All ferries upon or over public navigable streams shall be deemed public ferries, and no person shall keep any ferry over or across any such stream or lake and charge compensation for the use thereof, without procuring a license.

3. FERRIES—PUBLIC COUNTY ROAD CROSSING—LIABILITY FOR TAX.—If a public road passes appellee's ferry at a convenient place to cross a stream, to a public road on the other side thereof, and the travelling public on these roads on each side of the stream were accustomed to resort to appellee's ferry for crossing, the same will be held to be a ferry, and subject to the provisions of Kirby's Digest, § § 3558, *et seq.*

Appeal from Miller Circuit Court, *Geo. R. Haynie,* Judge; reversed.

#### STATEMENT BY THE COURT.

Appellant who was regularly licensed by the Miller County Court to keep a public ferry across Red River, a navigable stream from a point on the western bank, opposite the town of Fulton in Hempstead County, brought this suit against M. J. Munn, *et. al.,* to collect penalties denounced by the law (3582 Kirby's Digest) for operating a ferry across navigable streams without procuring a license therefor.

The answer denied the allegations of the complaint and alleged that defendant had paid the license required by Miller County during the time of the operation of the ferry.

It appears from the testimony that M. J. Munn kept a ferry during said years at a point on the bank of Red River, a navigable stream, the boundary between Miller and Hempstead counties, called Buzzard's Bluff, in Miller County, about eight miles south of Fulton, and carried persons and property across the river there for hire during said years. A public road has existed in Miller County, now in Road District No. 13, from a point near the Finn place to Fulton, since 1877. This road a

witness, D. R. Coleman, testified "crossed Buzzard's Bluff at the old house and went down to the river bank and went up the river." The road was located along the river at Buzzard's Bluff, as close to the bank of the river as it could be made, and frequently the road had caved into the river and a new one was established further back. This bluff is caused by a point or hill from 30 to 50 feet higher than the bottom land north and south of it, coming into the river and from the point of the bluff bank, from which appellee's ferry was operated it is fifty feet distant from the high-water mark of the river, to said public road running virtually north and south and parallel to the river.

He made and maintained a road sloping from the public road down to his ferry landing. Appellant offered to show that a public road had been established in Hempstead County in January, 1912, to appellant's ferry landing on the Hempstead County side of Red River, opposite Buzzard's Bluff, but the testimony was excluded.

It was also shown that no license had been issued by the county court of Miller County for the operation of Munn's Ferry.

The court held that it was necessary to prove that the public road of Miller County crossed at the unlicensed ferry, in order to establish liability to the payment of the penalties by the operator thereof and directed the jury to return a verdict in defendant's favor, and from the judgment thereon, this appeal is prosecuted.

*Will Steel,* for appellant.

1. It was error to direct a verdict for defendant. Kirby's Dig., § 3570 is not applicable to this case. Red River is a navigable stream and appellee operated a public ferry for the general public and for compensation. Kirby's Dig., § § 3555, 3558, 3559, 3561, 3565, 3582. Appellee is liable for the penalties prescribed by § 3582. He had paid no tax and had no license. 25 Ark. 26, 29;

20 *Id.* 565; 26 *Id.* 467; 94 *Id.* 190; 88 *Id.* 330; 48 *Id.* 325; 109 *Id.* 324.

2. Even though § 3570 applies, plaintiff has met all its requirements by showing that a county road crossed at his ferry point by order of the county court. Also that Red River was a navigable stream.

*Henry Moore, Jr.,* for appellees.

A verdict was properly directed. The court properly construed § 3570 of Kirby's Digest as well as § 3582. The evidence shows that no public road in Miller County crosses Red River at or near Buzzard's Bluff. There was no liability. Rev. Stat. 1838, Ch. 62; 7 Ark. 132; Kirby's Dig., § § 3571-3574, 3782, etc.; 97 Ark. 43; 102 *Id.* 416; 117 *Id.* 623; 79 *Id.* 215; 89 *Id.* 495; 118 *Id.* 273; 79 *Id.* 521. § 3582 applies to ferries located at points where public roads cross the river and therefore there is no conflict between it and the proviso of § 3570.

KIRBY, J., (after stating facts). A franchise for the operation of a ferry is a creature of the sovereign power and cannot be exercised without the consent of the State. Secs. 3555, 3558 Kirby's Digest; *Murray* v. *Menefee,* 20 Ark. 561: *Darnell* v. *State,* 48 Ark. 321; *Finley* v. *Shemwell,* 94 Ark. 190.

Said section 3558, Kirby's Digest, provides: "No person shall keep any ferry over or across any public navigable stream or lake, so as to charge any compensation for crossing the same, without first procuring a license from the county court of the county in which such ferry is situated."

Section 3570 provides: "It shall be the duty of the county courts to levy a tax on all ferry privileges in their respective counties, whether application be made by any person for the same or not; provided, however, no ferry at which the public county road does not cross shall be subject to the tax herein provided."

The penalties of section 3582 Kirby's Digest, are denounced against any person who shall keep a ferry

over any navigable stream and charge for transportation of persons and property without complying with the provisions of law in relation to obtaining license.

Appellee contends and the trial court held that since the public road in Miller County did not cross the navigable river at his ferry or run thereto, that he was not bound by the provisions of the law to obtain license to operate a ferry nor liable to the penalties prescribed for the operation of same without license.

(2-3) The law declares all ferries upon or over public navigable streams shall be deemed public ferries, and that no person shall keep any ferry over or across any such stream or lake and charge compensation for the use thereof without procuring a license. (Sections 3555, 3558). But it is also provided in said section 3570 that "No ferry at which the public county road does not cross shall be subject to the tax" for ferry privileges. This provision is not necessarily in conflict with nor repugnant to the others. The ferries across navigable rivers are declared to be public and license is granted to persons on sites along said streams for the establishment and operation thereof when the public convenience will be promoted thereby and it was doubtless intended to be determined by the legislature in the making of said proviso that the public convenience would not be promoted by the establishment of a ferry across navigable streams, except at points where public roads crossed and this being true, it does not follow that appellee was not violating the law in the operation of the ferry complained about. If the public road passed his ferry at a convenient place to cross the stream to a public road on the other side thereof and the traveling public on these roads on each side the river were accustomed to resort to his ferry for crossing thereof, it was as much a ferry at which the public county road crossed as though the road had run directly to the ferry and stopped there. The ferry is established for the convenience of the public traveling upon the public roads, and if a public road existed and was in use by the public on the Hempstead

County side coming down to appellee's ferry there, which transportated persons and property from that side to the Miller County side of the river and in effect to the public road running by the ferry, it was a ferry at which the public county road crossed, since the persons, vehicles and stock traveling same crossed at the ferry to which the public roads extended on each side of the river within the meaning of the act.

The court erred in refusing to permit the introduction of the testimony showing the establishment of a public road on the Hempstead County side of the river to appellee's ferry and in directing the verdict and for said errors the judgment is reversed and the cause remanded for a new trial.