Heaton
v.
Ferris.

off.  This case differs from that of *Cole* v. *Grant*, and the court ought not to protect the attorney as to his costs.

*Per Curiam.*  The court of Common Pleas has power to set off these judgments, and they would, we have no doubt, make the deduction, on application to them for that purpose.  For this court to order *Brewerton* to deduct eighty dollars from his last judgment below, and take out execution for eight dollars and forty-five cents only, would be, at least, an inconvenient interference with that judgment.  Such an order could be enforced only by attachment.  The case in 3 *Wilson*, 396,* shows that the Common Pleas have the power to make the set off now requested.

\* *Barker*
v.
*Braham.*

Rule refused.

## Heaton *against* Ferris and Ferris.

In trespass *quare clausum fregit*, the defendant pleaded in justification a right of way over the land of the plaintiff, and a verdict was given for the plaintiff for six cents. The plaintiff is entitled to full costs, under the statute. The *certificate* of the judge need not be given *at the trial*, it is sufficient if it be given afterwards, even after the clerk has taxed the costs.

THIS was an action of *trespass for breaking and entering the plaintiff's close, treading down the grass, &c.*—The defendants pleaded the *general issue*, and two *special pleas of justification*, one of a right to a common highway, and the other, a right to a private way.  The plaintiff replied to the special pleas, traversing the right of way set up in each, and the defendants rejoined, and issues were taken thereon.  The cause was tried at the *West Chester* circuit, in *June*, 1804, before Mr. Justice LIVINGSTON, and a verdict was found for the plaintiff for *six cents* damages.  On this verdict a judgment was entered up by the attorney of the plaintiff, and after due notice of the taxation of the costs, *full costs* were taxed on the 13th day of *January* last, by the clerk of this court, though the taxation was objected to, at the time, by the attorney of the defendants, because the judge before whom the cause was tried, had not given a certificate, to entitle the plaintiff to full costs.  The plaintiff, afterwards, on the 29th day of *January* last, obtained a certificate from the judge who

tried the cause, that the freehold or title came in question.

*Hoffman*, in behalf of the defendants, now moved that the taxation of cost should be vacated, and that the defendants should have their costs taxed against the plaintiff, and execution therefor, or, if the defendants were not entitled to costs, that, then, the plaintiff should be allowed no more costs than damages. He cited 2 *Caines*, 220, *Farrington* v. *Rennie.* The freehold in the land was admitted to be in the plaintiff. The defendants claim only a right by prescription, of passing and repassing over the land of the plaintiff. A justification of a mere right of way over the freehold of the plaintiff did not bring the title into question.

*Emott*, contra. The words of the statute,* are, " that in all actions of trespass, &c. wherein the judge, at the trial of the cause, shall not find and certify under his hand upon the back of the record, &c. that the freehold or title of land mentioned in the plainriff's declaration was chiefly in question, the plaintiff, in case the jury shall find the damages to be under the value of five dollars, shall recover no more costs of suit, than the damages so found shall amount to." The right of way is a title in relation to land. The general issue itself puts the title in question ; but the plaintiff, in his replication, has directly traversed, and taken issue on the plea of title. The case of *Farrington* v. *Rennie*,† having been decided since the trial of this cause, it ought not to influence the decision in the present case. The statute did not require that the certificate should be *given at the trial*, but merely that the judge

ALBANY,
Feb. 1806.

Heaton
v.
Ferris.

\* 6th Section. 24th Sess. ch. 152.

---

† In that case, decided in *November* term, 1804, though the 4th section of the act concerning costs, does not require a certificate, the court said, that instead of looking at the pleadings, they would, in all future cases, require a certificate of the judge who presides. In the 4th section it is said, " That, if in any personal action prosecuted in the supreme c ourt, the plaintiff shall not recover above the sum of fifty dollars, he shall not recover costs, but shall pay costs to the defendant." *Provided*, that nothing therein contained, " shall extend to any action where the freehold or title to land shall in any wise come in question."

who presided at the trial, should give the certificate, which might be done afterwards.

*Harison*, in reply. If the general issue put the freehold or title in question, the provision in the act was nugatory. A claim to a mere right of way did not bring the *freehold or title to land* in question, within the meaning of the act. Costs are *stricti juris*, and not to be allowed, unless the party shows that he is clearly within the provisions of the statute.

*Per Curiam.* In this case, the title to land came in question, so as to entitle the plaintiff to full costs under the act, and the certificate was properly granted.

Rule refused.

## Seaman *demandant*, *against* William Miller, *tenant*.

This court will not order a judgment to be signed *nunc pro tunc*, to give effect to a judgment under the statute creating forfeitures for *adhering to the enemies of the state*, passed in 1782.

* See *Greenleaf's* edition of the laws. vol. 1. p. 26.

THE demandant, *Adam Seaman*, had been convicted on an indictment before the general sessions of the peace, in the county of *Westchester*, of *adhering to the enemies of the state*, on which judgment of forfeiture was entered in the supreme court, in the term of *October* 1782, pursuant to an act of the legislature entitled, " An act for the forfeiture and sale of the estates of persons who have adhered to the enemies of this state, and for declaring the sovereignty of the people of this state, in respect to all property within the same," passed, the 22d *October*, 1779.*

The rule for judgment had been regularly entered in the minutes of the clerk of the court, and the record made up, but *not signed.*

*Woodworth*, attorney general, now moved, that the record, a copy of which was produced, should be signed, *nunc pro tunc.*

*Per Curiam.* We are not disposed at this day to lend our aid to give effect to forfeitures made during the late revolutionary war.

Rule refused.