## STRIKER vs. MOTT.

In an action of *trespass* in a *justice's court*, a plea of a *right of way* puts in question the *title to lands*, and deprives a justice of jurisdiction; and the consent of parties that the suit shall proceed, notwithstanding such plea, does not restore the jurisdiction.

Although a judgment rendered by the justice on such an issue is void, the party, against whom it is rendered, is, notwithstanding, entitled to seek its reversal.

Where a verdict is found for the defendant, and the justice returns that in pursuance of the statute he entered judgment for him, it will be *intended* that such judgment included *costs*.

ERROR on certiorari to justice's court. Striker sued Mott in the assistant justice's court of the twelfth ward of the city of New-York, and declared in *trespass* for entering his close, breaking down his fence, and travelling over the close. The defendant pleaded *not guilty*, and the cause was adjourned for trial. Previous to the trial, the defendant *by permission*, as the return states, added to his former plea that he had a right of way over the premises in dispute by prescription. The cause was tried by a jury; the plaintiff proved title to the *locus in quo*, and the defendant produced testimony in support of his plea, setting up a right of way. The jury found a verdict for the defendant, and the justice thereupon, (as he certified,) in pursuance of the directions of the statute in such case made and provided, entered judgment in favor of the defendant. The plaintiff sued out a *certiorari*.

*J. R. Hedley*, for plaintiff in error.

*G. Wilson*, for defendant.

*By the Court*, MARCY, J. On the part of the plaintiff, it is contended that the plea setting up a right of way, put in question the title to the premises on which the trespass is al-

leged to have been committed, and formed an issue which the justice, even with the consent of the parties, could not try. On the other hand, it is said that the consent of the plaintiff took away the error, if there was any; and besides, that the right of way is a mere easement, and does not controvert the plaintiff's title to the premises used as the way. The case of *Heaton* v. *Ferris,* 1 *Johns. R.* 146, settles the question as to the character of the issue. The claim to a right of way involves the title to the premises, over which the alleged road passes. As the title was put in issue by the pleadings, the justice was thereby ousted of his jurisdiction, and the consent of the parties that the justice might go on and try the issue, did not restore it to him. 17 *Johns. R.* 471. The statute is explicit that no justice shall have cognizance of any action, where the title of lands shall in any wise come in question. *Laws of* 1824, *p.* 280, § 1. The justice should not have received the second plea, unless the defendant had complied with the ninth section of the justice's act. If the requirements of that section had been complied with, the cause could have proceeded no further than putting in the plea. These requirements being waived, the plea must be considered as having the same effect as if they had been observed. There ought, therefore, to have been no further proceedings before the justice after the plea was received; but the cause did proceed, and evidence was heard in relation to the isssue involving the title. This was error. But it is said that if the justice proceeded to try the issue involving the title, and acted without jurisdiction, the judgment is void, and cannot be enforced, and that there is, therefore, no necessity for reversing it. I see no way whereby the plaintiff can prevent the judgment from being carried into effect against him, but by a reversal. The execution, which may be issued thereon, would not shew upon its face a want of jurisdiction in the magistrate, either as to the person of the party, or the subject matter of the suit. The officer would therefore be protected in executing.

The defendant insists that there is no judgment for costs, but in this I think he is wrong. The justice states that the jury found a verdict for the defendant; that he, in pursuance

of the statute, entered judgment in favor of the defendant, that is, he rendered a judgment for the defendant against the plaintiff, which doubtless was an ordinary judgment in such a case, which would, as a matter of course, include the costs of the suit.