By the Court, Bronson, J.
If a justice of the peace can discharge, on motion, a defendant who has been arrested while temporarily, privileged, which is very questionable, (see Shan *343 non v. Comstock, 21 Wend. 457,) still the motion here came too late. By pleading in bar, the defendant admitted, for all the purposes of the action, that he was properly in court. (See Malone v. Clark, 2 Hill, 657.) The motion should have been made before pleading. The defendant complains that he was without counsel when arrested and taken before the justice, and did not know how to claim his legal rights. But his ignorance of the law cannot avail. He should have pleaded his privilege in abatement, or moved for a discharge, instead of pleading in bar of the action."
The defendant gave notice of proof on the trial that the locus in quo was a public highway. That would make a question of title to the land, which the justice could not try. A right of way, either public or private, over land, affects the owner’s title, within the meaning of the statute relating to the civil jurisdiction of justices of the peace. (Striker v. Mott, 6 Wend. 465; Saunders v. Wilson, 15 Wend. 338; Whiting v. Dudley, 19 Wend, 373.) But the notice was not in writing, and there was no bond to appear to an action in the common pleas. The justice was right, therefore, in not entering a discontinuance. (2 R. S. 236, 7, § 59 to 63.) It is said, however, that the oral notice was received without objection, and without requiring a bond; and that this was a waiver of the irregularity. Something was said about a waiver of the bond &c. in Striker v. Mott, (6 Wend. 465;) but it was not necessary to the decision of the cause, for the parties went on, and the plaintiff was defeated on the trial by the defendant’s proof of title. As that was a question which the justice could not try, even with the consent of parties, the judgment was erroneous for that cause, and was therefore properly reversed. When title is properly set up, and a bond given, the suit before the justice is immediately discontinued. But here the suit went on before the justice, which, instead of proving that the plaintiff intended a waiver of the bond, proves that he meant to treat the notice as a nullity for the reason that there had not been a compliance with the statute. And this was the proper course; for the statute provides that, if the bond is not given, “ the justice shall have jurisdiction of the cause, and shall proceed therein, and the defendant sha!) *344 be precluded in his defence from all evidence drawing in question the title to lands. (2 R. iS. 236, § 62.) This makes a complete system. If the defendant pleads title and gives a bond, the suit before the justice is at once discontinued. But if he does not give the bond, the plea or notice of title amounts to nothing, and the action goes on just as though title had never been mentioned. The defendant cannot set up title on the trial, because the statute says he shall not.
It may have been unfortunate for the defendant that he had no counsel at the joining of the issue; but I think there has been no error in the proceedings.
Judgment affirmed.