## MANNY *vs.* SMITH *et al.*

Heard July 28, 1859.]                    [Decided February 7, 1860.

### *Jurisdiction—Justice of the Peace—Pre-emption.*

Where in an action of trespass upon lands pending before a justice of the peace the defendant pleaded a right of pre-emption to the premises in question, under the act for the protection of the swamp and overflowed lands, and to grant pre-emption to the same, and also gave the bond required by law:  Held, that such a plea ousted the justice of jurisdiction of the cause, and it must be sent to the circuit court for trial.

Under the act the right of pre-emption in the swamp and overflowed lands vests

such a title to the lands in the pre-emptor, as will maintain ejectment, or any other action to recover possession of the lands.

This action was commenced by William F. Manny against Lafayette Smith and Richard Woolsey before a justice of the peace; the facts of which are sufficiently stated in the opinion of the court.

*J. Fordyce* and *G. Bouck*, for the appellants.

*W. M. Sessions* and *S. Crawford*, for the respondent.

*By the Court*, DIXON, C. J.   This is an action of trespass *quare clausum fregit* commenced before a justice of the peace prior to the passage of the code.   The defendants pleaded not guilty, and gave notice that they should insist upon and give in evidence that the defendant Smith had a pre-emption right to the premises in question, under and by virtue of chapter 84 of the laws of 1855, entitled "An act for the protection of swamp and overflowed lands in this state, and to grant pre-emption rights thereon."   That the several supposed trespasses mentioned in the declaration were acts lawfully done by him by virtue of said pre-emption, and that the defendant Woolsey acted as his servant, &c.   With this notice the defendant tendered the bond required by section 53 of chapter 88 of the Revised Statutes of 1849; and the justice certified the cause to the circuit court.   Upon trial in that court the plaintiff recovered judgment, and the defendants appealed to this court.   Upon the plaintiff's motion, this court struck out the bill of exceptions for irregularity.   The cause was then argued upon the record, as it stood without the bill of exceptions, when it was insisted by the defendants' counsel that the defendants' notice did not contain such an averment of title to lands in the defendant Smith as ousted the justice of jurisdiction and authorized him to transfer the cause to the circuit court, and that the circuit court acquired no jurisdiction.

Manny vs. Smith et al.

We are compelled to disagree with counsel. The statute provided that every action "where the title to lands should in anywise come in question" should, upon the defendants' complying with its provisions, be transmitted to the circuit court. The 10th section of the chapter also provided that no justice should have cognizance of any action where the title to real property should come in question. The right of pre-emption set up in the notice was a species of inchoate title. Under it Smith had a vested right to the lands, *Veeder vs. Guppy*, 3 Wis., 533, and was entitled to the *absolute and exclusive* possession. Under a statute precisely like our own it has been frequently held in New York, that the question of the right of possession in the public or a private individual of the *locus in quo* as a public or private road or easement was a question of title which a justice of the peace could not try. *Heaton vs. Ferris*, 1 John., 146; *Striker vs. Mott*, 6 Wend., 465; *Saunders vs. Wilson*, 15 id., 338; *Whiting vs. Dudley*, 19 id., 373. Smith could have maintained eject-ment. The thirteenth section of the act declared that the certificate of pre-emption should "be sufficient evidence of *title*, to enable the person making the same to maintain any suit or suits, action or actions, against any person or persons, in any court of competent jurisdiction, for any trespass or in-jury done to such lands, or any part thereof, or to any build-ings or improvements thereon, or to the timber, grass, grain, or other products growing or being thereon, or any proper action or proceeding to recover possession thereof."

The cause was properly certified to the circuit court, and the judgment of that court must be affirmed.