## BARTEAU vs. THE CITY OF APPLETON.

*Justice's Court: Question of title to land — When jurisdiction lost.*

1. Complaint before a justice for obstructing a highway. Answer, no high way; but defendant did not file the bond required by the statute (§ 52, chap. 120, R. S.), to enable him to raise the question of title to the land. *Held*, that on proof that the *locus in quo* was actually *opened* and *used* as a highway at the time of the obstruction, plaintiff was entitled to recover.
2. The fact that plaintiff went farther and attempted to establish a *legal* high-way, did not deprive the justice of jurisdiction.

APPEAL from the Circuit Court for *Outagamie* County.

The *City of Appleton* brought an action against *Barteau* before a justice of the peace, for obstructing a street in violation of a city ordinance. Answer, no highway; and a general denial. The evidence for the city tended to show that the land in question had been dedicated and opened as a street, and used as such for a long time. The defendant then filed a paper, denying that the land was a street, or that the plaintiff had any right or title therein, but claiming it as his own; and moved that the cause be dismissed, on the ground that, by the plaintiff's own showing, the title to lands came in question therein. The motion was overruled, and judgment rendered for the plaintiff. The cause being taken by *certiorari* to the circuit court, the judgment of the justice was affirmed; and defendant appealed to this court.

*George H. Myers*, for appellant, on the question of jurisdiction, cited R. S. chap. 120, §§ 10 and 51–56; *Striker v. Mott*, 6 Wend. 465; *Willoughby v. Jenks*, 20 id. 96; *Whiting v. Dudley*, 19 id. 373; 10 Wis. 510; 14 id. 483; 19 id. 91 and 593.

*W. S. Warner*, for respondent, argued that the jurisdiction of the justice must be sustained, because the defendant had failed to interpose the question of title until the plaintiff had rested. To divest the justice of jurisdiction, the issue should

Barteau vs. The City of Appleton.

have been made upon the pleadings, and not afterward.  R. S. chap. 120, secs. 51–56; Cowen's Treat. (4th ed.) §§ 721, 728. .

DIXON, C. J.  We take it to have been in evidence before the justice, that the premises in question had been opened and used as a street prior to the time they were encroached upon by the defendant with his lumber, fence, etc.  The witness, West, testified, that he knew the street; that there was a track which any body knew was a street, and that it was used for the passage of teams.  Under these circumstances, the question whether it was a lawful highway by act of the proper authorities or by dedication of the owners, was out of the case, for the reason that the defendant had precluded himself from going into that question by his failure to enter into the bond required by section 52, chapter 120, R. S., at the time of joining issue in the action.  Section 53 declares, if the bond be not delivered, the justice shall have jurisdiction of the case, and shall proceed therein, and the defendant shall be precluded in his defense from all evidence drawing in question the title to lands.  The complaint was for obstructing a street, and the defendant, by his answer, denied that there was any such street.  This showed that the title of lands would come in question, and it was incumbent on the defendant, if he would contest the allegation of the complaint, or deny the legal existence of the street, to have executed and delivered his bond as required by the statute.  His failure to do so was a waiver of that question, and the cause of action was established by proof that the premises were used as a street; and if the plaintiff went farther, and attempted to establish a highway in law, it did not, we think, under the circumstances, deprive the justice of jurisdiction so that he could not render a judgment upon facts which were clearly within his cognizance.  See 15 Barb. 102; 8 id. 240; and 6 Hill, 44.

*By the Court.* — The judgment of the circuit court is affirmed.