## ASHBOUGH vs. WALTER.

*Justice's court: Jurisdiction — Question of highway — Presumption as to justice's judgment — Estoppel by judgment in circuit court.*

1. In trespass *quare clausum* before a justice of the peace, the plea of "highway" raises a question of title to land.
2. Defendant cannot avail himself of such a defense without giving the bond required by the statute; upon the filing of which the justice loses jurisdiction.
3. In no event, therefore, can defendant introduce evidence before the justice to sustain such a defense.
4. Where, in such an action in justice's court, defendant denies the trespass generally, and also sets up the plea of "highway," a judgment for him must be presumed to have been rendered under the general denial.
5. If it appeared that the judgment was rendered on the plea of "highway," and was affirmed on appeal, *quære* whether the judgment of the circuit court would not be valid to estop the plaintiff from denying the highway in a subsequent suit.

Ashbough vs. Walter.

APPEAL from the Circuit Court for *Pierce* County.

The defendant appealed from a judgment of said court reversing the judgment of a justice of the peace in his favor.    The case is stated in the opinion.

*P. V. Wise*, for appellant, contended that the judgment of the circuit court in a former action was a complete *bar* to this action.  6 Barb. 515, 524 ; 7 id. 494, 496, 497, 226–242 ; 16 id. 337 ; *Doty v. Brown*, 4 Comst. 71, 74 ; Cow. Treat. 439, 440, 599, 600 ; *Embury v. Conner*, 3 Comst. 511, 522 ; *Emmons v. Dowe*, 2 Wis. 322 ; *Dick v. Webster*, 6 id. 481 ; *Woodward v. Hill*, id. 143 ; *Nash v. Church*, 10 id. 303 ; *Wanzer v. Howland*, id. 8 ; *Marvin v. Titsworth,* id. 320 ; *Tallman v. McCarty*, 11 id. 401 ; *Gale v. Best*, 20 id. 44.

*J. S. White*, for respondent :

The question of highway, if properly raised, would have been a question of title to real estate. 10 Wis. 511 ; 14 id. 483 ; 19 id. 595 ; 34 N. Y. 454–460.    To raise that question, defendant must give bond.  R. S. ch. 120, § 51. If the bond is not given, no evidence drawing the title in question is admissible.  Sec. 53.    The justice must then proceed to try the cause upon the general issue alone. *Little v. Denn*, 34 N. Y. 453- 460.

DIXON, C. J.  This is an action of trespass, commenced before a justice of the peace, for breaking and entering the close of the plaintiff, and taking down and removing a portion of his fences.    The defendant answered in the justice's court, denying the trespass, and also gave notice that he would prove that the *locus in quo* was a public highway ; that he was overseer of roads for the district in which the highway was situated, and had been ordered by the supervisor of the town to remove the fences and open it to the public ; and that he did remove the fences in pursuance of such order, which was the same supposed trespass complained of, etc.    The defendant further gave notice, that

he would prove that the plaintiff had theretofore brought, in a justice's court, an action of trespass against one Levi Bailey, a former overseer of highways for the same district, for the removal by said Bailey of the plaintiff's fences from the same highway, and at the same places complained of in this action; and that Bailey justified on the ground that the premises in question were a public highway; that, upon trial before the justice of the peace, verdict and judgment were had in favor of Bailey and against the plaintiff, that no cause of action existed; and that upon appeal to the circuit court for the county, the judgment of the justice had been affirmed. That judgment was insisted upon, in the notice, as a bar to this action, and as conclusive evidence that the *locus in quo* was a public highway.

At the time of joining issue, the defendant tendered no bond, as required by section 52, chapter 120, R. S.

Upon the trial before the justice and jury, the alleged trespass was clearly proved; but the defendant was permitted, against the objections of the plaintiff, to give evidence, by the records of the town and otherwise, tending to show that the premises in dispute were a highway, and that the defendant was justified in removing the fences, for that reason. The defendant was likewise permitted, notwithstanding the plaintiff objected, to give in evidence the record of the judgment set forth in the notice. Verdict and judgment was rendered for the defendant before the justice, from which the plaintiff appealed to the circuit. The circuit court reversed the judgment of the justice; and from the judgment of the circuit court the defendant brings this appeal.

In any view which can be taken of the case, it is manifest that the judgment of the circuit court was correct, and must be affirmed. If we look upon the existence of the highway as a matter to be established by proof in this action, it is clear that the justice erred in receiving evidence in that behalf; because it was a question of title

to real property, over which he had no jurisdiction. It has long been settled in this state, that the question of highway or no highway is one of title to land, which cannot be tried before a justice of the peace. *Manny v. Smith*, 10 Wis. 511; *State v. Doane*, 14 id. 483; *Soule v. The State*, 19 id. 593. The defendant, by not having, at the time of joining issue, delivered the bond as required by section 52, chapter 120, R. S., was, by the terms of section 53, precluded in his defense from all evidence to show that the premises in controversy were a highway. This is upon the supposition that the notice given by the defendant was sufficient as an answer under section 51. That section requires the answer, showing that the title to lands will come in question, to be in writing, signed by the defendant or his attorney, and delivered to the justice, who is required to file the same. The answer and notice here were oral, though taken down at length in the docket of the justice. If this was sufficient under the statute, then the bond should have been given, and the cause removed to the circuit court for trial; but if insufficient, then no question as to the existence of the highway was properly presented by the notice, and all evidence upon that subject should have been rejected by the justice, as well upon this ground as for the want of jurisdiction to try the same.

If, on the other hand, we look upon the question whether there was a highway or not as one to be determined by the effect of the judgment relied upon as an estoppel, and assume that that was a question which might be determined in the justice's court in this case, still we find, on examination of the record of the judgment, that no estoppel was created by it. In that case, as in this, there was an answer before the justice of the peace, setting up that the premises in question were a highway, but no bond was given. The record does not show that any evidence was offered or received upon that part of the answer, or that that issue was tried, or

attempted to be, before the justice. The answer also contained a general denial of the allegations of the complaint, and, in the absence of any thing in the record showing that the issue tendered as to the highway was attempted to be tried before the justice, we are bound to assume that it was not, but that the only issue tried was that formed by the general denial. We are bound to assume this, because the issue formed by the general denial was the only one which the justice was authorized to try; and error with respect to the trial of the other issue is not to be presumed, either as against the judgment of the justice, or that of the circuit court by which the justice's judgment was affirmed. On the contrary, the presumption is, that there was no error in either judgment, and, consequently, that the supposed issue as to the highway was not tried, or attempted to be. If, however, the record had shown that both issues were tried, and the justice or jury had found that there was a highway, and judgment had gone against the plaintiff on that ground, a much more difficult question would have been presented. For, though the judgment of the justice of itself would have been of no effect upon the question, yet the taking of the appeal and affirmance of that judgment by the circuit court, though erroneous, might be said to have cured the defect. But upon this point we express no opinion, as it is not involved in this case.

*By the Court.* — Judgment affirmed.