The State vs. Huck.

## THE STATE VS. HUCK.

*Certiorari.  Highway, encroachments on.  Justice's Court; plea of title.*

1. Sec. 103, ch. 19, R. S., being penal in its nature, must perhaps be strictly construed, so that the forfeiture therein named will be incurred only in case the highway obstructed or encroached upon has been "laid out and opened."

2. In an action under said section, the question whether the highway was thus laid "out and opened," does not necessarily involve the question of title to the land, and upon this ground the allegation and proof by the plaintiff of such laying out and opening would not oust the justice of jurisdiction under sec. 56, ch. 120, R. S.

3. Said section 56, however, was not intended to apply to any action in which the question of title to land may properly be put in issue *by the pleadings*, but only to cases where such title, not being properly issuable in pleading, must yet be shown by the plaintiff in proving his cause of action.

4. Where, in an action in justice's court, title to land in the plaintiff or in the public is necessarily asserted in the complaint as a part of the cause of action, defendant waives the right to put such title in issue, unless he *both* denies it by a *written* answer and gives the requisite *bond* to oust the jurisdiction of the justice.

5. In such an action, if defendant by written answer denies that the *locus in quo* was a highway, and claims title, possession and occupancy in himself, but fails to give the required bond, the justice must proceed as if defendant had admitted that the *locus* was highway and that he had no right of possession or occupancy in it, and must try the other issues (if any) raised by the pleadings, such as the questions whether and how long defendant obstructed or encroached upon such highway, and, perhaps, whether the same had been "laid out and opened."

6. The circuit court, on *certiorari* to a justice of the peace, and this court on appeal from the decision at the circuit court in such cases, can properly inquire only into errors of the justice affecting his *jurisdiction*.

ERROR to the Circuit Court for *Fond du Lac* County.

The action below was commenced before a police justice of the city of Fond du Lac, to recover a penalty, under R. S., ch. 19, secs. 102 and 103, for an alleged encroachment upon a highway. The complaint, which was oral, charged certain encroachments, specifying them particularly, upon a certain highway in the town of Empire in that county; alleged the making and service of a proper order of the town supervisors for the removal of such encroachments, more than thirty days previous to the commencement of the action, and their non-removal, and demanded judgment for the forfeiture or penalty provided by statute. The answer was also oral, and denied the allegations of the complaint; and alleged that "no such highway as is mentioned in the complaint was ever laid out and opened"; and that the title and possession of the *locus in quo* was in the defendant; and that the court had no jurisdiction of the subject matter. No bond was given for the removal of the cause to the circuit court.

On the trial, the defendant objected to any proceedings before said police justice, on the ground that section 12 of the act creating that office, and all statutes relating thereto, are unconstitutional and void, because not providing for any appeal from his decisions, which objection was overruled.

The records and papers filed in the town clerk's office showing the laying out of the highway in question and the award of damages to the defendant, and the notice to open such highway admitted to have been duly served on him, were received in evidence on the part of the plaintiff, under defendant's objections. There was also proof of the payment to the defendant of the damages awarded him; of the subsequent opening by the supervisors of the cross fences on the line of such highway,

on defendant's land, so that teams could pass through, (the fence running along such highway, and the building obstructing it not being disturbed); of the defendant's following and immediately putting up such fences again; of the service of notice to remove obstructions; and of the continuance thereof at the time the suit was commenced.

The defendant moved for a nonsuit, on the ground of defects in the proceedings for laying out the highway, and in the notice to remove encroachments, and also because there was no evidence of the opening of the road; which motion was denied. He then introduced proof of the want of notice to him of the meeting of the supervisors to lay the road, which was rebutted by the proof of his presence at their meeting, and making no objection on that ground.

The justice rendered judgment against the defendant for the statutory penalty. On his application, the case was removed to the circuit court for Fond du Lac county, by common law writ of *certiorari*, the justice certifying up the evidence as well as the record; and that court reversed his judgment on the ground that the evidence introduced by the plaintiff showed that title to real estate was necessarily involved. The plaintiff seeks here to reverse the judgment of the circuit court.

*Gillet & Taylor*, for plaintiff in error, contended that the common law writ of *certiorari* simply removed the record, and that the evidence formed no part of the return, and the circuit court had no right to consider it, but could only determine the question of jurisdiction, citing *Roberts v. Warren*, 3 Wis., 736; *Frederick v. Clark*, 5 id., 191; *Combs v. Dunlap*, 19 id., 591; *Hurlbut v. Wilcox*, id., 419; and that defendant's proper remedy for any errors committed on the trial was by appeal.

*Jay Mayham*, for defendant in error, argued that the introduction of the town records to prove the laying out of the highway in controversy, raised the question of title, and ousted the justice of jurisdiction, citing 1 Johns., 146; *Whiting v. Dudley*, 19 Wend., 373; *Willoughby v. Jenks*, 20 id., 96; *Main*

*v. Cooper*, 25 N. Y., 180–187; 6 N. Y., 312; 25 Wend., 169; that the statute under which the suit is brought being penal, must be strictly construed; and that no penalty for an encroachment could be recovered unless the highway had been "laid out and opened."

DIXON, C. J. The cases of *State v. Doane*, 14 Wis., 483, and *Barteau v. The City of Appleton*, 23 id., 414, are decisive of this appeal, and show that the judgment of the circuit court must be reversed. Both were actions like the present, commenced before a justice of the peace to recover a forfeiture under the statute for the obstruction of a highway. In the former the defendant answered, as was done in this case, but *in writing*, denying the existence of the alleged highway, and averring that the premises in question were his land and freehold, and in his possession. The defendant there entered into the bond prescribed by sec. 52, ch. 120, R. S., and the case was therefore certified by the justice to the circuit court; and this court sustained the proceeding as correct. In the latter case, the defendant made like answer in writing, but gave no bond, and it was decided here, that, failing to do so, he was, under section 53 of the same statute, precluded from going into the question of title in his defense, or disputing the existence of the highway on the trial before the justice. In this case, the answer of the defendant, denying the existence of the highway, or that it was ever laid out and opened, and alleging that the *locus in quo* was the land and property of the defendant, and in his possession and occupancy, was, as appears from the return of the justice to the writ of *certiorari*, *oral*, and not reduced to writing, as required by section 51 of the statute. It would seem that such an answer cannot, under any circumstances, be regarded as sufficient to raise an issue of title to lands, and so to oust the jurisdiction of the justice. But, if this were not so, the failure to give the bond for the removal of the cause to the circuit court operated as a waiver of any defense involving an inquiry into

such title, or the trial of the same before the justice.    Section 53 declares, that if such bond be not delivered, "the justice shall have jurisdiction of the case," which cannot be if the title to land is to be tried.    See *Soule v. The State*, 19 Wis., 595-6.

The result, therefore, is, where no bond is delivered, that the defense of title in the defendant, or, what is the same thing that there is no such highway as the plaintiff alleges, is abandoned, and the case remains for trial before the justice upon the issue of encroachment or not, and such other issues as may be presented by the pleadings, excluding, of course, the supposed issue as to the existence of the highway, and as to the right of the defendant to hold or occupy that portion of it, the obstruction of which is complained of, should the fact of obstruction be made out.    The omission of the defendant to enter into the bond must, as was the effect of the decision in *Barteau v. The City of Appleton*, and as we still regard the true intent and meaning of the statute, operate as an admission on his part that there is such a highway as is alleged in the complaint, and that he has no right of possession or occupancy in it, thus limiting the issue to a matter which the justice has jurisdiction to try, namely, whether the highway has been unlawfully encroached upon or obstructed by the defendant, and to such other points of inquiry as may be incidentally connected with this principal one.    In this case, therefore, the justice had jurisdiction, and the issue before him stood as if all that part of the answer denying the existence of the highway, and alleging title and right of possession of the premises in the defendant, had been stricken out.    The question before him was merely one of encroachment, and whether the order of removal had been made, and a copy served on the defendant, as alleged in the complaint, and perhaps, also, whether the highway was one which had been *laid out and opened.*    The action was instituted under the provisions of sections 102 and 103, ch. 19, R. S.    It is contended by counsel for the defendant that the forfeiture prescribed by section 103 can be recovered only where, in the

words of section 102, the highway shall have been "laid out and opened." It being a penal statute, and therefore to be strictly construed, this position may be correct. But, the existence of the highway being admitted, the questions whether it was one which had been "laid out" or opened, were not questions involving the investigation or trial of the title to the land. The right of the public to the use of the land as a highway not being in issue, the inquiry as to whether such highway had been "laid out" or not, involved no more than an inspection of the records in the office of the town clerk to ascertain if such an order had been made by the proper officers; which inspection of the records, or of certified copies thereof, it was entirely competent for the justice or a jury to make. And as to the fact of *opening*, it is clear that it is competent for a justice to hear testimony and decide upon that.

It seems to be supposed by counsel for the defendant, that this was a case falling within the provisions of section 56 of chapter 120, above cited, and where the action ought to have been dismissed by the justice, because it appeared on the trial before him, from the plaintiff's own showing, that the title to lands was in question, which title was disputed by the defendant. It follows, from what has already been said, that this position is unfounded. But section 56 was obviously never intended to apply to such a case, or to any case where the question of title to lands is or may be directly put in issue by the pleadings. It was intended to provide for a different class of cases, where no such issue is or can be directly made in pleading; such, for, example, as trespass to goods and chattels, or trover, or other similar actions, involving the title to personal property, and in which the title of real estate may incidentally come in issue; as, if the action be for the taking or conversion of wood or timber previously cut or removed from land, and it becomes necessary, in order to maintain his action and show title to such property in himself, for the plaintiff to establish his title to the land. Many such cases arise, where the plaintiff is required to

show title to land, and yet where such title is not and cannot be made an issuable question in pleading; and it was with reference to such that the section under consideration was enacted. But in other cases, where the facts involving such inquiry, or which may involve it in case the defendant denies them, are necessarily stated in the complaint, as in the present case, where the existence of the highway was a fact necessarily and properly so stated, and where the defendant may admit or deny them as he pleases, thus raising or not raising an issue of title to land according as he answers — in all such cases, if his answer, in proper form, by general denial or otherwise, does raise such issue or show that the title of lands will come in question, he must proceed in the manner prescribed by the preceding sections, or his defense, so far as any question of land title may be concerned, will be waived.

This being an appeal from the judgment of the circuit court in a proceeding in that court upon a common law writ of *certiorari*, issued to the justice, it follows that only jurisdictional errors and defects are to be investigated. The circuit court could not look into the record or return of the justice to see whether there were any errors of a different kind committed, as, for instance, to ascertain whether there was sufficient proof that the highway had been laid out or opened, or that the order to remove the obstruction had been properly made and served. It was not the office of the writ to correct such errors and imperfections, if any such existed, as the defendant had another remedy. *Owens v. The State*, 27 Wis., 456, and cases there cited. And this court can only examine the proceedings as the circuit court could do, and, it appearing from the pleadings and issue before the justice that there was no want of jurisdiction in him to try the cause and render judgment, it follows that the judgment of the circuit court must be reversed, and that of the justice affirmed.

*By the Court.* It is so ordered.