Brown vs. Streng.

## BROWN VS. STRENG.

JUSTICE'S COURT: *Removal of actions to circuit court, where questions of title are involved.*

1. In an action in justice's court for a trespass to land, where the complaint avers that plaintiff owned and was in possession of the land at the time when, etc., if defendant wishes to contest the title, and have the cause removed to the circuit court, he must answer *in writing* as prescribed by the statute, and give the bond there required. R. S., ch. 120, secs. 51, 52.
2. A failure thus to answer and give bond is in effect an admission of plaintiff's title; and if the justice permits plaintiff to *introduce evidence* of his title at the trial, the error is immaterial.
3. If the complaint merely averred that plaintiff was *in possession* of the premises, and plaintiff offered a deed of the land in evidence of his title in order to establish a *constructive possession*, perhaps the case would fall within the provisions of sec. 56, ch. 120, R. S., which requires the justice to dismiss the cause " if it appear on the trial, from the plaintiff's own showing, that the title to land is in question, which title shall be disputed by the defendant. "

APPEAL from the Circuit Court for *Walworth* County.

Section 51 of chapter 120, R. S., provides that in all actions before justices of the peace " where the title to lands shall in any wise come in question, the defendant, at the time when he

is required to join issue, and not after, may in his answer state facts showing that the title of lands will come in question, which answer must be in writing, signed by the defendant, or his attorney, and delivered to the justice, who shall file the same among the papers in the case."

Section 52 provides as follows: "At the time of tendering such answer, the defendant, with at least one sufficient surety, to be approved by the justice, shall enter into a bond to the plaintiff, in the penal sum of two hundred dollars, conditioned, if such plaintiff shall prosecute his said action in the circuit court, and if judgment be rendered against the defendant on his answer setting up title in such court, he will pay the amount of such judgment, with the costs."

Section 53 provides as follows: "If such bond be not delivered as herein directed, the justice shall have jurisdiction of the case, and shall proceed therein, and the defendant shall be precluded in his defense from all evidence drawing in question the title to lands."

Section 56 provides that "if it appear on the trial from the plaintiff's own showing, that the title to lands is in question, which title shall be disputed by the defendant, the justice shall dismiss the cause, and the plaintiff shall pay the costs."

This was an action of trespass to real estate, originally begun before a justice of the peace. The opinion states the case. Defendant appealed from the judgment of the circuit court affirming the judgment of the justice.

*J. H. Page*, for appellant, contended that as the defendant did not in his answer set forth any matter showing that the title to the lands would come in question, and did not give the undertaking required by sec. 52, ch. 120, R. S., to oust the justice of jurisdiction, the justice was right in proceeding with the trial, unless proof of such title came from plaintiff and was disputed by defendant. When it appeared before the justice that the plaintiff resorted to his title deeds to establish his possession of the *locus in quo*, and that defendant disputed the title,

the justice should have dismissed the cause on the defendant's request, under sec. 56, ch. 120, R. S. *Barteau v. City of Appleton*, 23 Wis., 414; *Main v. Cooper*, 25 N. Y., 180; *Koon v. Mazuzan*, 6 Hill, 45; *Bellows v. Sacket*, 15 Barb., 96; *Browne v. Scofield*, 8 Barb., 239.

*H. O. Montague*, for respondent, argued that the defendant, having failed to set up title in himself as required by sec. 51, and to file the undertaking required by sec. 52, was precluded from drawing in question the title to land, and the only issues for the justice to try were, whether the plaintiff was in the actual possession of the land, and whether the defendant committed the alleged trespass—not whether the plaintiff was rightfully in possession. The latter was a fact which defendant could not dispute under the issue. *Ehle v. Quackenboss*, 6 Hill, 537. The mere introduction of documentary evidence, such as deeds, of the title to realty, does not *per se* oust the justice of jurisdiction, but he is entitled to consider the purpose for which such evidence is introduced. *Main v. Cooper*, 25 N. Y., 180.

Dixon, C. J. This was an action of trespass to real estate, commenced and tried in a justice court, where judgment was rendered for the plaintiff against the defendant for six cents damages and costs of suit. The defendant appealed to the circuit court, and, the judgment of the justice being there affirmed, he now appeals to this court. The only question on the merits, the objections on points of practice being unnoticed, is as to the admissibility of certain deeds in evidence which were offered by the plaintiff and received by the justice on the trial before him. It is objected that the deeds were offered and received in evidence before the justice for the purpose of showing title of the land in the plaintiff, a question which the justice had no jurisdiction to investigate or try. Upon looking into the pleadings before the justice, we find that the defendant had waived the defense of no title in the plaintiff, and, for the purposes of the trial, had admitted the plaintiff's ownership as al-

leged in the complaint. The defendant had precluded himself from going into the question of title by failing to comply with the requirements of the statute. The complaint was oral, and alleged that the plaintiff was the owner and in possession of the *locus in quo* at the time the defendant broke and entered. The answer was oral also, and denied each and every allegation of the complaint. The question of ownership or title in the plaintiff being presented issuably on the face of the complaint, the defendant, if he desired to contest it, should have made and delivered to the justice his answer in writing, signed by himself or his attorney, in the manner prescribed by the statute, and should at the same time have entered into a bond, which the statute also prescribes, in case of a removal of the action to the circuit court. R. S., ch. 120, secs. 51, 52. Not having done these things, the defendant admitted the ownership of the plaintiff, thus excluding the question of title before the justice; and, such ownership being admitted, the receiving of the deeds in evidence, even though improperly, was a wholly immaterial circumstance. There was no question of title to lands in-involved in the trial, notwithstanding the justice may errone-ously have so considered, and no possible harm could therefore have arisen from the admission of the deeds.

The views of this court respecting the proper construction and effect of the sections of the statute above referred to, and also of section 56 of the same chapter, have been fully expressed in *State v. Huck*, 29 Wis., 202 ; and no further explanation is deemed necessary.

Had the complaint in this case averred possession only of the premises to have been in the plaintiff, and had the plaintiff then introduced the deeds for the purpose of showing his title, and so to draw after it and establish a constructive possession in himself, a very different question would have been pre-sented. Such a case might well, perhaps, be held to fall within the provisions of section 56.

*By the Court.*— Judgment affirmed.