BRUINS and others, Executors, vs. BRUINS and others.

*September 22 — October 10, 1882.*

CONSTITUTIONAL LAW: MUNICIPAL COURTS. *(1) Jurisdiction of municipal courts limited to municipality. (2) Statute conferring jurisdiction construed.*

1. Under sec. 2, art. VII of the constitution, which provides that "the jurisdiction which may be vested in municipal courts shall not exceed, in their respective municipalities, that of the circuit courts in their respective circuits, as prescribed in this constitution," the legislature can give to municipal courts jurisdiction over actions of trespass *quare clausum* or to try title to land, only where the land which is the subject of the action is situated within the municipality.

2. Sec. 2484, R. S., which declares in effect that the municipal court of the city and town of Ripon shall have exclusive jurisdiction of all cases commenced before a justice of the peace in said city or town, when an answer shall be put in showing that the title to lands will come in question, and which shall be certified to such court in the manner provided by law for certifying such cases to circuit courts, must be construed with reference to subjects which could properly come within the jurisdiction of said municipal court under the constitution, and applies therefore only to cases where the land, the title to which is thus put in issue, is situated within the municipality.

APPEAL from the Municipal Court of the City and Town of *Ripon.*

The case is thus stated by Mr. Justice Cassoday:

" This is an action to recover damages caused by the defendants entering upon the lands described, situated in the town of Alto, in the county of Fond du Lac, and alleged to be the estate and property of the testator, and cutting down and carrying away certain trees standing thereon. The action was commenced before a justice of the peace in the city of Ripon, wholly situated in the town of Ripon, in said county. On the return day the appellants appeared before the justice and put in and filed with him an answer denying each and every allegation of the complaint, and in substance and effect alleging that for more than a year prior to the commencement of this action, and at the time of the alleged wrongful trespass upon the lands mentioned and described in the complaint, the defendants were then, and before that time had been, and have ever since been, the lawful owners in fee and in the actual occupation and possession of the same as trustees of a religious society of the ' Reformed Dutch Church in America,' located in the said town of Alto, said organization being for religious, charitable, and educational purposes, and known and incorporated by the name of ' The Ebenezer Church of Alto,' and that they claimed title to said land as such trustees under a deed executed April 7, 1879, by the said Hendrick Bruins, deceased, to the trustees of said ' Ebenezer Church of Alto,' and to their successors in office, forever, under which deed the respondents had entered into such possession and occupancy, and that as such trustees they had full and lawful right to do and perform all of the said acts which were alleged by the plaintiffs to be wrongs and trespasses upon the estate of the testator, or upon the plaintiffs as executors, and therefore claimed that the title to the land described would come in question upon the trial. At the time of tendering such answer the defendants, with a sufficient surety approved by the justice, entered into a bond under their hands and seals, to the plaintiffs and to their successors, in

the penal sum of $200, to which payment, well and truly to be made, they jointly and severally bound themselves, their and each of their heirs, executors and administrators, firmly by such presents. At the foot of said bond, and below each and all of the signatures thereto, and without any signature to the same, was written the following, to wit:

"'Whereas, in a suit before J. W. Hall, Esq., one of the justices of the peace of the county of Fond du Lac, wherein the above named *Andrew Bruins, John Bruins*, and *J. W. Bruins* are plaintiffs, and the above named *Dirk Bruins, John Hartzink, W. Te Linde*, and *M. Vanderwelde* are defendants — the said defendants, by their attorneys, having pleaded specially a plea showing that the title to land will come in question in said suit: Now, therefore, the condition of this obligation is such, that if the said *Andrew Bruins* and *J. W. Bruins* shall prosecute the said suit in the municipal court in said county of Fond du Lac, and if judgment be rendered against the said *Dirk Bruins, John Hartzink, W. Te Linde*, and *M. Vanderwelde*, the defendants, on their plea of title in such court, pay the amount of such judgment, with the costs, then this obligation to be void, otherwise of force.'

"Thereupon said cause was certified by said justice of the peace to said municipal court, where the same was brought on for trial in said municipal court before a jury, and a verdict having been rendered in favor of the plaintiffs and against the defendants, judgment was thereupon entered accordingly, and the defendants appealed."

*Geo. E. Sutherland*, for the appellants.

*W. W. D. Turner*, for the respondents, argued among other things, that sec. 2484, R. S., is plain and unambiguous, leaving no room for construction or interpretation. Smith's Comm., § 487; Sedgwick on Stat. & Const. Law, 227–231; *Brightman v. Kirner*, 22 Wis., 54; *Battis v. Hamlin*, id., 669; *Harrington v. Smith*, 28 id., 43; *Encking v. Simmons*,

id., 272. The intention of the legislature to confer jurisdiction on the municipal court to try all cases certified to it by justices of the city and town of Ripon, where title to real estate is put in issue, regardless of the *locus in quo,* is manifest. And as if to emphasize that intention, sec. 2465, R. S., conferring exclusive jurisdiction on the county court of Fond du Lac county of appeals and cases certified where title to real estate is put in issue, expressly excepts justices' courts of the city and town of Ripon. These statutes are *in pari materia,* and show that it is the policy to relieve the circuit court of Fond du Lac county of all appeals from justices' courts and all cases commenced there where title to real estate is put in issue. It is clear that under sec. 2465 the justice could not send the case to the county court, and equally clear that under sec. 2484 he must send it to the municipal court. Nor is sec. 2484, so construed, unconstitutional. The jurisdiction of the municipal court in this case is not *original,* and does not attach by virtue of its own process. It is only called upon to try a case coming to it in the nature of an appeal or it may be on a change of venue. There is nothing in the constitution to prohibit the legislature conferring upon a municipal court power to try cases so coming before it, though the parties or the premises may be outside the municipality. In such cases its jurisdiction is inherent, and is measured by that of the court from which the case is brought to it. The statute itself does not attempt to confer jurisdiction outside the municipality, and therefore ought not to be held unconstitutional because in practice, under the general law, the court *may* be called upon to try a case where it would not have had original jurisdiction. It is only where the statute itself is clearly repugnant to the constitution that it will be held invalid. Sedgwick on Stat. & Con. Law, 482; *Smith v. Odell,* 1 Pin., 449; *Rooker v. Norton,* id., 195; *Dickson v. State,* 1 Wis., 122; *Stewart v. Supervisors,* 30 Iowa, 9; *Commonwealth v. Erie Railway Co.,* 62

Pa. St., 286; 1 Am. Rep., 238, 399.   Courts will presume in favor of the validity of statutes, and in a doubtful case sustain them.   *Brayton v. Merriman*, 6 Wis., 14; *Smith v. Mariner*, 5 id., 551; *In re Oliver*, 17 id., 681.

CASSODAY, J.   Before entering upon the trial of the cause, the defendants moved the municipal court to dismiss the action for want of jurisdiction, which motion was denied by the court, and the defendants excepted.   Was the refusal to dismiss error?   Where no bond is given, the justice is required to proceed with the case notwithstanding the plea of title, and in that event the defendant is precluded in his defense from all evidence drawing in question the title to lands. Sec. 3620, R. S.; *Barteau v. Appleton*, 23 Wis., 414; *State v. Huck*, 29 Wis., 202; *Brown v. Streng*, 32 Wis., 59; *State v. Preston*, 34 Wis., 676.   Where the plea of title is accompanied by the proper bond, the justice is required to make an entry thereof in his docket immediately, " and *cease* all further proceedings in the case."   Sec. 3621, R. S.   Here the owner set up a plea of title to the *locus in quo*, and assuming that the proper bond was given (which may well be doubted), then the statute cited peremptorily required the justice to *cease all further proceedings in the case*.   That is to say, upon filing such plea and bond, the question of title to the land becomes the material question to be tried, and the justice having no jurisdiction to try that question is ousted of all jurisdiction, in order that the case may be sent to a proper court having jurisdiction to try that question.   Did the municipal court of Ripon have jurisdiction to try and determine the question of title to this land, situated as it was outside of the municipality?   Sec. 2484, R. S., provides in effect that the municipal court of the city and town of Ripon shall have exclusive appellate jurisdiction in all cases of appeals from justices' courts in said city and town, and of all cases commenced in such justices' courts, when an answer

shall be put in showing that the title to lands will come in question, and which shall then be certified to said municipal court in the manner provided by law for certifying such cases to circuit courts. It is also given power and jurisdiction concurrent and equal with the circuit court " in all civil actions within the city and town of Ripon, in law and in equity," not exceeding a certain amount in value. The constitution provides " that the jurisdiction which may be vested in municipal courts shall not exceed, in their respective municipalities, that of circuit courts in their respective circuits, as prescribed in this constitution." Sec. 2, art. VII, Const. of Wis. Under this constitutional restriction it has frequently been held that in local actions the legislature has no power to vest jurisdiction in municipal courts, in cases where the subject of the action is wholly outside of the municipality. *Atkins v. Fraker*, 32 Wis., 510; *Connors v. Gorey*, id., 518; *Zitske v. Goldberg*, 38 Wis., 216; *Mathie v. McIntosh*, 40 Wis., 120. An action of trespass *quare clausum*, or to try the title to land, is clearly such an action, and the legislature can, therefore, only give municipal courts jurisdiction over such an action when the land which is the subject of the action is situated within the municipality. *Mathie v. McIntosh*, *Connors v. Gorey*, *supra*, and *Bettys v. Railway*, 37 Wis., 324. Here the statute does not expressly undertake to give the municipal court jurisdiction over local actions where the subject of the action is situated outside of the municipality, but only to all civil actions in law and in equity " within the city and town of Ripon."

But counsel ingeniously argues that although the constitutional restriction would not have permitted the municipal court to obtain jurisdiction by service of its own process, yet that there is nothing therein to prevent the legislature from empowering it to take jurisdiction by appeal, change of venue, or through the process of the justice's court and plea of title. It may be observed, however, that the question

under discussion is not the authority to obtain jurisdiction of the *person* by the service of process or otherwise, but the power to authorize the municipal court to take jurisdiction of the *subject matter* of a local action affecting the title to land situated outside of the municipality. It is the exercise of such jurisdiction at all which is prohibited, and not the giving authority to acquire such jurisdiction in a particular way. This is not a case where the jurisdiction of the justice is transferred to the appellate court by virtue of the appeal, for here the justice was ousted of all jurisdiction in the case, and was compelled to cease all further proceedings in the case, because a question was necessarily to be determined over which he had no jurisdiction. The language of sec. 2484, R. S., must be construed with reference to subjects which could properly come within the jurisdiction of the municipal court of the city and town of Ripon, as limited by the constitutional restriction. When, therefore, the section declares in effect that the municipal court shall have exclusive jurisdiction of all cases commenced before a justice of the peace in the city or town, when an answer shall be put in showing that the title to lands will come in question, and which shall be certified to the municipal court in the manner provided by law for certifying such cases to circuit courts, it simply means in all cases where the land to which the title is thus put in issue is situated within the municipality, and hence where the subject matter of the litigation is within the jurisdiction of the municipal court. Of course, the justice would be ousted of jurisdiction by the plea of title, as well when the land to which title is thus put in issue is situated within the municipality, as when it is outside of the municipality; but in the one case the ouster would necessarily bring it within the jurisdiction of the municipal court, while in the other it would necessarily exclude it therefrom, and bring it within the appropriate jurisdiction provided by statute. Whether that would be the circuit court for Fond du Lac

county, or the county court, notwithstanding the exception contained in sec. 2465, R. S., is not before us now for determination. Nor is it necessary that we should determine whether the bond presented with the plea of title in this case was sufficient to be effectual as such. We are clearly of the opinion that the municipal court acquired no jurisdiction of the case, and for this reason the judgment of that court must be reversed.

*By the Court.*— Judgment reversed.

