Lowitz vs. Leverentz.

*April 9 — May 31, 1883.*

JUSTICES' COURTS. *Right of way over land: pleading: evidence.*

A right of way, either public or private, is an interest in land, and its existence cannot be tried in a justice's court. One who relies upon such a right as a defense to an action of trespass commenced in justice's court must plead the same specially and tender the bond required by sec. 3620, R. S.; otherwise he waives such defense, and the instrument which grants such right is inadmissible even to prove his actual possession of the *locus in quo.*

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the opinion.

The cause was submitted for the appellant on the brief of *E. S. Turner*, and for the respondent on that of *Pors & Hedding.*

TAYLOR, J. This action was commenced in justice's court to recover damages for a trespass upon lands alleged to be in the possession of the plaintiff and respondent, by destroying and breaking down the fence thereon and cutting down the posts of said fence. The defendant pleaded not guilty, and gave notice that at the time alleged in the complaint he was licensed by the plaintiff and another to travel over the place where said trespass was alleged to have been committed, and that if any fence or posts were removed therefrom by him, it was for the purpose only of removing

obstructions in the way of such travel. The case was tried by a jury in the justice's court and a verdict was rendered in favor of the plaintiff and respondent for eighty cents, and $20.46 costs. The defendant and appellant appealed to the circuit court and a final judgment was rendered in that court affirming the judgment of the justice, and from such judgment an appeal was taken to this court.

The only point raised by the learned counsel for the appellant for the reversal of the judgment is based upon the ruling of the justice at the trial excluding a certain contract in writing made between the said appellant and *John* and Louis Lowitz. The justice refused to permit the contract in writing to be received in evidence, for the reason that such contract, if of any validity between the parties, conveyed to the appellant *Leverentz* a right of way across the plaintiff's land. We think the justice was right upon this point. If the contract shows any right in the appellant, it shows that he has a right of way across and along the plaintiff's land. The following is a copy of the contract:

" Article of agreement made and concluded by and between *John Lowitz*, of the town of Saukville, and Louis Lowitz, of the same place, and *Charles Leverentz*, of the same place, as follows:

"In consideration of the agreement hereinafter mentioned, the said *Charles Leverentz* agrees that he will, at his own proper expense, build and maintain and keep shut, bars or gate, at a place where his private road intersects the public highway, it being the north and south quarter-line of section 36, township 11, range 21, and being the east line of the lands owned by the other two parties; he further agrees that he will keep shut a gate or bars at or near the center of the land owned by *John Lowitz* on said private road.

"The said *John Lowitz* and the said Louis Lowitz, in consideration of the above agreement, agree to build and maintain the gate last mentioned; and they further agree that

said private road may be used and maintained by the said *Charles Leverentz* in the place where it has been used for the past ten years up to the 7th day of September, 1876, being of width not less than one and one half rods; and they further agree, each for himself, that they will not build and maintain a fence on both sides of said private road, but maintain a fence on either one side or the other at pleasure. All of said parties to have a common right to travel on said private road.

"In testimony whereof, the said parties have all set their hands and seals this 8th day of September, A. D. 1876."

The rule is well settled in this court, as well as in the courts of other states, that a right of way, either public or private, is an interest in land, and that under the statutes conferring jurisdiction upon justices' courts, the existence of such right of way cannot be tried in such courts because it involves the question of title to real estate within the meaning of subd. 3, sec. 3573, R. S. 1878. *Ashbough v. Walter*, 24 Wis., 466; *Barteau v. City of Appleton*, 23 Wis., 414; *State v. Huck*, 29 Wis., 202; *State v. Doane*, 14 Wis., 483; *Manny v. Smith*, 10 Wis., 509; *Heaton v. Ferris*, 1 Johns., 146; *Striker v. Mott*, 6 Wend., 465. If a defendant in an action of trespass to lands brought in a justice's court, relies for his defense upon his having a right of way across the place where the trespass is alleged to have been committed, he must plead such right specially and tender the bond required by secs. 3619 and 3620, R. S. 1878, so as to have the case certified to the circuit court for trial, or he waives all right to such defense.

The learned counsel for the appellant insists that the evidence should have been admitted for the purpose of showing that he crossed the defendant's land by his license or permission, and was not, therefore, a trespasser. It is undoubtedly a good defense to an action for trespass upon real estate to prove that the act complained of was done with the as-

sent or license of the plaintiff. But if the license be a revocable one, the act must be done before the revocation takes place; and if the license be of such a character that the plaintiff cannot revoke it, then the license amounts to a title to real estate which cannot be tried by a justice's court under the authorities above cited.

The paper writing offered in evidence in this case is either an irrevocable license to pass over the plaintiff's land, and so amounts to a grant of a right of way, or it is a revocable one, and in that case the defendant would have no right to pass after the revocation. On the trial it was clearly shown that if the plaintiff had ever permitted the defendant to pass over his lands, that right had been revoked before the trespass complained of was committed. The way had been fenced up by the plaintiff, and after the defendant removed one fence, the plaintiff again fenced it up, and it was again removed by the defendant. It is very clear that the evidence offered and rejected was offered to prove the defendant's right to travel on the lands of the plaintiff, and to remove all obstructions placed there by the plaintiff to prevent such travel, notwithstanding the dissent of the plaintiff, and so establish his right of way over the *locus in quo,* and for that purpose it was clearly inadmissible.

It is claimed that the paper was admissible to disprove the possession of the plaintiff. We think it was not admissible for that purpose. It does not on its face give any right of possession to the defendant except as a private way which would be consistent with the possession of the plaintiff. Actual possession is a fact which may be proved without the production of written evidence, and if the defendant had the actual possession of the *locus in quo* at the time of the alleged trespass, that should be proved by other evidence than a writing which grants an interest in the real estate, and so establishes his right to the possession for the purposes mentioned in the writing.

We think the judgment of the justice's court was right, and was rightly affirmed by the circuit court.

*By the Court.*— The judgment of the circuit court is affirmed.